

IN THE CIRCUIT COURT OF WHITE COUNTY, ARKANSAS
FIRST DIVISION

LOUIS FROUD, SHANNON FROUD, DEAN
STAGGS, LINDA STAGGS, BRETT MASON,
AND LYNNDA MASON, INDIVIDUALLY
AND ON BEHALF OF ALL OTHERS SIMILARLY
SITUATED                                                          PLAINTIFFS

VS.                                                    CASE NO. 2009-19-1

ANADARKO E&P COMPANY LIMITED
PARTNERSHIP, ANADARKO LAND
CORPORATION, UPLAND INDUSTRIES
CORPORATION, UPLAND INDUSTRIAL
DEVELOPMENT COMPANY, SEECO, INC.,
XTO ENERGY, INC., CHESAPEAKE
EXPLORATION, LLC, AND CHESAPEAKE
EXPLORATION LIMITED PARTNERSHIP                        DEFENDANTS

## AMENDED AND SUBSTITUTED COMPLAINT

Plaintiffs, Louis Froud, Shannon Froud, Dean Staggs, Linda Staggs, Brett Mason, and

Lynnda Mason, respectfully come before this Court, by and through their attorneys, Bowen Law

Firm, PLLC, McHenry & McHenry Law Firm, Wilcox, Parker, Hurst, Lancaster & Lacy, PLC,

and Jim Petty, and for their Amended and Substituted Complaint, allege:

## STATEMENT OF JURISDICTION AND VENUE

1.      Plaintiffs are residents of White County Arkansas.

2.      Defendant Anadarko E&P Company Limited Partnership is a foreign limited

partnership and has its principal place of business in Texas.

3.      Defendant Anadarko Land Corporation is a foreign corporation and has its

principal place of business in Texas.

4.     Defendant Upland Industries Corporation is a foreign corporation and has its principal place of business in Texas.

5.     Defendant Upland Industrial Development Company is a foreign corporation and has its principal place of business in Texas.

6.     Defendant SEECO, Inc. is an Arkansas corporation and has its principal place of business in Arkansas.

7.     Defendant XTO Energy, Inc. is a foreign corporation and has its principal place of business in Texas.

8.     Defendant Chesapeake Exploration, LLC is a foreign limited liability company and has its principal place of business in Oklahoma.

9.     Defendant Chesapeake Exploration Limited Partnership is a foreign limited partnership and has its principal place of business in Oklahoma.

10.    This is an action for declaratory judgment pursuant to the Arkansas Declaratory Judgment Act, Ark. Code Ann. §§ 16-111-101 to 111, and Rule 57 of the Arkansas Rules of Civil Procedure, in which Plaintiffs, individually and on behalf of all others similarly situated, seek to quiet title to oil and gas rights in and to lands lying in White County, Arkansas, and described in more detail herein, for the imposition of a constructive trust with respect to money and other things of value owed to Plaintiffs and all others similarly situated but wrongfully paid to others, for accountings of money and other things of value owed to Plaintiffs and all others similarly situated but wrongfully paid to others, and for money damages due and owing Plaintiffs and all others similarly situated but not yet paid.

11.    This Court has personal jurisdiction over Defendants pursuant to Ark. Code Ann. § 16-4-101, and venue over this action pursuant to Ark. Code Ann. § 16-60-101.

2

## STATEMENT OF FACTS

12.     On September 28, 1995, Missouri Pacific Railroad Company ("Missouri Pacific")

deeded over 30,000 acres of oil and gas rights in land located in White County, Arkansas, to

Upland Industrial Development Company ("Upland").  See the Oil and Gas Deed attached hereto

and marked as "Exhibit A".

13.     Of the tracts of land identified in Exhibit A, Missouri Pacific claimed ownership

of approximately 10,000 acres of oil and gas rights under deeds that included the following form

of reservation (the "Reservation"):

> [A]ll the minerals, upon in or under the said land or any part thereof, together
> with the right to enter upon said land, or any part thereof, and explore, dig, mine
> or drill for and remove minerals supposed to be in, upon or under the said land, or
> any part thereof, and to erect, place, use, occupy and enjoy upon such land or any
> part thereof, such roads and ways, structures, buildings, pipe lines, tools,
> implements or machinery as may be proper, necessary or convenient in or about
> the exploring, digging, mining or drilling for or removal of any minerals, without
> any claim for damages on behalf of said second party or assigns.

14.     The oil and gas rights claimed by Missouri Pacific under the Reservation are

located in the tracts of land identified in the document attached hereto and marked as "Exhibit

B".

15.     The Reservation does not mention oil or gas.

16.     Missouri Pacific stopped using the Reservation in deeds in White County in June

of 1941.

17.     When Missouri Pacific stopped using the Reservation in deeds in White County,

it started using a different form of reservation that specifically mentioned oil and gas.

18.     During the period of time that Missouri Pacific used the Reservation in White

County, oil was not known to exist in White County.

3

19.     During the period of time that Missouri Pacific used the Reservation in White County, gas was not known to exist in White County.

20.     During the period of time that Missouri Pacific used the Reservation in White County, the common usage and meaning of the term "minerals" to residents of White County, with respect to land located in White County, did not include oil.

21.     During the period of time that Missouri Pacific used the Reservation in White County, the common usage and meaning of the term "minerals" to residents of White County, with respect to land located in White County, did not include gas.

22.     During the period of time that Missouri Pacific used the Reservation in White County, the value of land located in White County was in no way based on the existence of oil in White County.

23.     During the period of time that Missouri Pacific used the Reservation in White County, the value of land located in White County was in no way based on the existence of gas in White County.

24.     As a result, the meaning of the Reservation did not include oil, and Missouri Pacific did not own the oil rights in the tracts of land identified in Exhibit B when it deeded those rights to Upland on September 28, 1995.

25.     In addition, the meaning of the Reservation did not include gas, and Missouri Pacific did not own the gas rights in the tracts of land identified in Exhibit B when it deeded those rights to Upland on September 28, 1995.

26.     Within the last five years, technological advances have led to the discovery and production of vast of amounts of gas from the Fayetteville Shale formation underlying White County, Arkansas.

4

27.     Based on information and reasonable belief, oil has also been discovered in connection with the discovery and production of gas from the Fayetteville Shale formation in White County.

28.     In Arkansas, the exploration and production of hydrocarbons, including oil and gas, is regulated, governed, and controlled by the Arkansas Oil and Gas Commission ("AOGC").

29.     Under rules published by the AOGC, the right to explore and produce hydrocarbons from the Fayetteville Shale formation is awarded to a single operator per governmental section.

30.     A governmental section typically consists of an area approximately 640 acres in size, although some sections contain more or less than 640 acres.

31.     Once appointed by the AOGC, the operator for each section has the right, power, and obligation to determine each person who owns the oil and gas rights in that section.

32.     In addition, the operator has the obligation to pay each owner of oil and gas rights in that section (or that person's lessee or assignee) his/her/its pro rata share of the value of the oil and gas produced in that section.

33.     This lawsuit concerns competing claims to ownership of oil and gas rights in the tracts of land identified in Exhibit B.

34.     Defendants SEECO, Inc. ("SEECO"), XTO Energy, Inc. ("XTO"), Chesapeake Exploration, LLC ("CLLC"), and Chesapeake Exploration Limited Partnership ("CLP") have been appointed by the AOGC as the producers of hydrocarbons in the sections of land identified in Exhibit B.

35.     Without exception, SEECO, XTO, CLLC, and CLP have determined that Defendants Anadarko E&P Company Limited Partnership, Anadarko Land Corporation, Upland

Industries Corporation, and Upland Industrial Development Company (referred to collectively as "Anadarko") own the oil and gas rights in the tracts of land located in the sections of land in which they have been appointed by the AOGC as the sole producer of hydrocarbons, and that only Anadarko (or its lessees and assignees) is entitled to payment for those hydrocarbons, to the exclusion, damage, and future economic detriment of Plaintiffs and the proposed class members they seek to represent.

A.     INDIVIDUAL CLAIMS OF LOUIS AND SHANNON FROUD

36.     Plaintiffs Louis and Shannon Froud (the "Frouds") own approximately 26.5 acres of land, including the rights to oil and gas, located in the Southeast Quarter (SE 1/4) of the Northeast Quarter (NE 1/4) of Section Nine (9), Township Nine (9) North, Range Six (6) West, in White County. This tract of land is identified as Tract 2 in the Warranty Deed attached hereto and marked as "Exhibit C".

37.     In addition, the Frouds own approximately 27.17 acres of land, including the rights to oil and gas, located in the Northeast Quarter (NE 1/4) of the Northeast Quarter (NE 1/4) of Section Nine (9), Township Nine (9) North, Range Six (6) West, in White County. This tract of land is identified as Tract 3 in Exhibit C.

38.     The Frouds derive title to the oil and gas rights in Tract 2 from their predecessor in title, S.H. Bridges, who purchased that tract of land from Missouri Pacific on November 30, 1934. See the deed attached hereto and marked as "Exhibit D".

39.     The Frouds derive title to the oil and gas rights in Tract 3 from their predecessor in title, S.H. Bridges, who purchased that tract of land from Missouri Pacific on June 1, 1935. See the deed attached hereto and marked as "Exhibit E".

40.     Anadarko claims ownership of the oil and gas rights in Tract 2 based on the Reservation set forth in Exhibit D.

41.     Anadarko claims ownership of the oil and gas rights in Tract 3 based on the Reservation set forth in Exhibit E.

42.     SEECO has been appointed by the AOGC as the sole producer of hydrocarbons in the section of land in which Tract 2 and Tract 3 are located.

43.     At the present time, SEECO is producing hydrocarbons in the section of land in which Tract 2 and Tract 3 are located.

44.     Based on the Reservation set forth in Exhibit D, SEECO has determined that Anadarko owns the oil and gas rights in Tract 2.

45.     Based on the Reservation set forth in Exhibit E, has determined that Anadarko owns the oil and gas rights in Tract 3.

46.     Based on the Reservation set forth in Exhibit D, SEECO has rejected the Frouds' claim that they own the oil and gas rights in Tract 2.

47.     Based on the Reservation set forth in Exhibit E, SEECO has rejected the Frouds' claim that they own the oil and gas rights in Tract 3.

48.     Based on the Reservation set forth in Exhibit D, SEECO refuses to pay the Frouds for the hydrocarbons being produced from the section of land in which Tract 2 is located and attributable to Tract 2.

49.     Based on the Reservation set forth in Exhibit D, SEECO refuses to pay the Frouds for the hydrocarbons being produced from the section of land in which Tract 3 is located and attributable to Tract 3.

7

B.    INDIVIDUAL CLAIMS OF DEAN AND LINDA STAGGS

50.    Plaintiffs Dean and Linda Staggs (the "Staggses") own approximately 80.57 acres of land, including the rights to oil and gas, located in the East Half (E 1/2) of the Northwest Quarter (NW 1/4) of Section One (1), Township Ten (10) North, Range Seven (7) West, in White County (the "Staggs Property"). See the deed attached hereto and marked as "Exhibit F".

51.    The Staggses derive title to the oil and gas rights in the Staggs Property from their predecessor in title, William Wood, who purchased that tract of land from Missouri Pacific on November 9, 1940. See the deed attached hereto and marked as "Exhibit G".

52.    Anadarko claims ownership of all the oil and gas rights in the Staggs Property based on the Reservation set forth in Exhibit G.

53.    XTO has been appointed by the AOGC as the sole producer of hydrocarbons in the section of land in which the Staggs Property is located.

54.    At the present time, XTO is producing hydrocarbons in the section of land in which the Staggs Property is located.

55.    Based on the Reservation set forth in Exhibit G, XTO has determined that Anadarko owns the oil and gas rights in the Staggs Property.

56.    Based on the Reservation set forth in Exhibit G, XTO rejects the Staggses' claim that they own the oil and gas rights in the Staggs Property.

57.    Based on the Reservation set forth in Exhibit G, XTO refuses to pay the Staggses for the hydrocarbons being produced from the section of land in which the Staggs Property is located and attributable to the Staggs Property.

C.   INDIVIDUAL CLAIMS OF BRETT AND LYNNDA MASON

58.   Plaintiffs Brett and Lynnda Mason (the "Masons") own approximately 40 acres of land, including the rights to oil and gas, located in the Southeast Quarter (SE 1/4) of the Northeast Quarter (NE 1/4) of Section Eight (8), Township Nine (9) North, Range Five (5) West, in White County (the "Mason Property"). See the deed attached hereto and marked as "Exhibit H".

59.   The Masons derive title to the oil and gas rights in the Mason Property from their predecessor in title, Conley W. Mason, who purchased that tract of land from Missouri Pacific on March 2, 1940. See the deed attached hereto and marked as "Exhibit I".

60.   Anadarko claims ownership of all the oil and gas rights in the Mason Property based on the Reservation set forth in Exhibit I.

61.   CLLC has been appointed by the AOGC as the sole producer of hydrocarbons in the section of land in which the Mason Property is located.

62.   Based on the Reservation set forth in Exhibit I, CLLC has determined that Anadarko owns the oil and gas rights in the Mason Property.

63.   Based on the Reservation set forth in Exhibit I, CLLC rejects the Masons' claim that they own the oil and gas rights in the Mason Property.

64.   Based on the Reservation set forth in Exhibit I, CLLC refuses to pay the Masons for any hydrocarbons produced from the section of land in which the Mason Property is located and attributable to the Mason Property.

D.   CLASS ALLEGATIONS

65.   In addition to themselves, Plaintiffs bring this action on behalf of 300 hundred other persons (the "proposed class members") who also own oil and gas rights in White County under deeds issued by Missouri Pacific to their respective predecessors in title.

66.   As is the case with Plaintiffs, Anadarko claims ownership of the oil and gas rights owned by the proposed class members based on the Reservation set forth in those deeds.

67.   As is the case with Plaintiffs, XTO, SEECO, CLLC, and CLP have determined that Anadarko owns the oil and gas rights in the property owned by the proposed class members to the exclusion, damage, and future economic detriment of the proposed class members.

68.   Approximately 70 members of the proposed class are exactly like the Frouds in that they own oil and gas rights in sections of land in White County and Anadarko claims ownership of those rights, SEECO has been appointed by the AOGC as the sole producer of hydrocarbons in those sections, and SEECO rejects their claims of ownership in favor of Anadarko based on the Reservation.

69.   Approximately 35 members of the proposed class are exactly like the Staggses in that they own oil and gas rights in sections of land in White County and Anadarko claims ownership of those rights, XTO has been appointed by the AOGC as the sole producer of hydrocarbons in those sections, and XTO rejects their claims of ownership in favor of Anadarko based on the Reservation.

70.   Approximately 90 members of the proposed class are exactly like the Masons in that they own oil and gas rights in sections of land in White County and Anadarko claims ownership of those rights, CLLC has been appointed by the AOGC as the sole producer of

hydrocarbons in those sections, and CLLC rejects their claims of ownership in favor of Anadarko based on the Reservation.

71.     Approximately 35 members of the proposed class are exactly like the Frouds, Staggses, and Mason in that they own oil and gas rights in sections of land in White County and Anadarko claims ownership of those rights, CLP has been appointed by the AOGC as the sole producer of hydrocarbons in those sections, and CLP rejects their claims of ownership in favor of Anadarko based on the Reservation.

72.     Approximately 75 members of the proposed class are like the Frouds, Staggses, and Masons in that they own oil and gas rights in sections of land in White County and Anadarko claims ownership of those rights, except for the fact that no one has yet been appointed by the AOGC as the producer of hydrocarbons in those sections, although it is anticipated that someone will be appointed by the AOGC to produce hydrocarbons in those sections in the near future and, when that happens, their claims of ownership will be rejected by just like everyone else.

73.     Plaintiffs, as proposed class representatives, allege that the total number of proposed class members likely exceeds 300 persons who own over 10,000 acres of land in 74 sections of land in White County.

74.     The proposed class members have been damaged in the same manner as Plaintiffs.

75.     Certification of a class in this matter is proper pursuant to Rule 23 of the Arkansas Rules of Civil Procedure in that the class is so numerous that joinder of all members is impracticable.

76.     Certification of a class in this matter is proper under Rule 23 of the Arkansas
Rules of Civil Procedure because there are questions of law and fact common to the class,
including, but not limited to:

      a.     Whether oil was commonly known to exist in White County prior to July of 1941;

      b.     Whether gas was commonly known to exist in White County prior to July of 1941;

      c.     Whether the common usage and meaning of the term "minerals" to residents of White County, with respect to land located in White County, include oil prior to July of 1941;

      d.     Whether the common usage and meaning of the term "minerals" to residents of White County, with respect to land located in White County, include gas prior to July of 1941;

      e.     Whether the Reservation includes oil under *Missouri Pacific R.R. Co. v. Strohacker*, 202 Ark. 645, 152 S.W.2d 557 (1941), and its progeny; and

      f.     Whether the Reservation includes gas under *Missouri Pacific R.R. Co. v. Strohacker*, 202 Ark. 645, 152 S.W.2d 557 (1941), and its progeny.

77.     Certification of a class in this matter is proper under Rule 23 of the Arkansas
Rules of Civil Procedure because Plaintiffs' claims are typical of the claims of the proposed class
members, in that Plaintiffs allege facts, assert claims, and seek relief common to the proposed
class members, each of whom, like Plaintiffs, derive title to the oil and gas rights in their
respective tracts of land from persons who purchased land from Missouri Pacific and received
deeds that included the Reservation.

78.     Certification of a class in this matter is proper under Rule 23 of the Arkansas
Rules of Civil Procedure because Plaintiffs will fairly and adequately protect the interests of the
proposed class members.

79.     Certification of a class in this matter is proper under Rule 23 of the Arkansas Rules of Civil Procedure because Plaintiffs' counsel are qualified, experienced, and able to conduct the proposed class litigation.

80.     Certification of a class in this matter is proper under Rule 23 of the Arkansas Rules of Civil Procedure because there is no collusion or conflicting interest between Plaintiffs and the class, Plaintiffs have a high level of interest in the action, Plaintiffs are familiar with the challenged practices, and are able to assist in decision making as to the conduct of the litigation.

81.     Certification of a class in this matter is proper under Rule 23 of the Arkansas Rules of Civil Procedure because the questions of law and fact common to the proposed class members predominate over questions of law and facts unique to Plaintiffs, and resolution of these questions by class action is superior to other methods available for the fair and efficient adjudication of this controversy.

82.     The Arkansas Supreme Court upheld class certification in *Beverly Enterprises-Arkansas,, Inc. et al v. Thomas*, 370 Ark. 310, 259 S.W. 3d 445 (2007), and the case at bar is even better suited to resolution by class action.

83.     The proposed class members have suffered the same denials, rejections, and damages as Plaintiffs.

JURY DEMAND

84.     Plaintiffs, individually and on behalf of all others similarly situated, demand a jury trial with respect to all issues of fact that may arise herein.

WHEREFORE, Plaintiffs, Louis Froud, Shannon Froud, Dean Staggs, Linda Staggs, Brett Mason, and Lynnda Mason, pray for the following:

a.      That the Court certify a class consisting of those persons whose predecessors in title purchased the tracts of land identified in Exhibit B and who currently own the oil and gas rights in those tracts of land under Plaintiffs' interpretation of the Reservation;

b.      That the Court issue a declaratory ruling which states that the Reservation does not include oil or gas;

c.      That the Court issue a declaratory ruling which states that Plaintiffs and the class members own all the oil and gas rights in their respective tracts of land, and that Anadarko does not own any of those rights;

d.      That the Court impose a constructive trust with respect to all money and other things of value paid by SEECO to Anadarko for the production of oil and gas attributable to the tracts of land identified in Exhibit B that are located in sections of land in which SEECO has been appointed by the AOGC as the sole producer of hydrocarbons, that SEECO and Anadarko be ordered to make an accounting of said money and other things of value paid to Anadarko, that Anadarko be ordered to deliver said money and other things of value into the constructive trust, and that said money and other things of value be awarded and delivered to the Frouds and those members of the class who own said tracts of land;

e.      That the Court impose a constructive trust with respect to all money and other things of value paid by XTO to Anadarko for the production of oil and gas attributable to the tracts of land identified in Exhibit B that are located in sections of land in which XTO has been appointed by the AOGC as the sole producer of hydrocarbons, that XTO and Anadarko be ordered to make an accounting of said money and other things of value paid to Anadarko, that Anadarko be ordered to deliver said money and other things of value into the constructive trust,

and that said money and other things of value be awarded and delivered to the Staggses and those members of the class who own said tracts of land;

f.     That the Court impose a constructive trust with respect to all money and other things of value paid by CLLC to Anadarko for the production of oil and gas attributable to the tracts of land identified in Exhibit B that are located in sections of land in which CLLC has been appointed by the AOGC as the sole producer of hydrocarbons, that CLLC and Anadarko be ordered to make an accounting of said money and other things of value paid to Anadarko, that Anadarko be ordered to deliver said money and other things of value into the constructive trust, and that said money and other things of value be awarded and delivered to the Masons and those members of the class who own said tracts of land;

g.     That the Court impose a constructive trust with respect to all money and other things of value paid by CLP to Anadarko for the production of oil and gas attributable to the tracts of land identified in Exhibit B that are located in sections of land in which CLP has been appointed by the AOGC as the sole producer of hydrocarbons, that CLP and Anadarko be ordered to make an accounting of said money and other things of value paid to Anadarko, that Anadarko be ordered to deliver said money and other things of value into the constructive trust, and that said money and other things of value be awarded and delivered to those members of the class who own said tracts of land;

h.     That the Court award judgment against SEECO in favor of the Frouds, and those members of the class who own the tracts of land identified in Exhibit B that are located in sections of land in which SEECO has been appointed by the AOGC as the sole producer of hydrocarbons, for their respective shares of the value of the oil and gas and other things of value attributable to those tracts of land but not yet paid to anyone;

i. That the Court award judgment against XTO in favor of the Staggses, and those members of the class who own the tracts of land identified in Exhibit B that are located in sections of land in which XTO has been appointed by the AOGC as the sole producer of hydrocarbons, for their respective shares of the value of the oil and gas and other things of value attributable to those tracts of land but not yet paid to anyone;

j. That the Court award judgment against CLLC in favor of the Masons, and those members of the class who own the tracts of land identified in Exhibit B that are located in sections of land in which CLLC has been appointed by the AOGC as the sole producer of hydrocarbons, for their respective shares of the value of the oil and gas and other things of value attributable to those tracts of land but not yet paid to anyone;

k. That the Court award judgment against CLP in favor of those members of the class who own the tracts of land identified in Exhibit B that are located in sections of land in which CLP has been appointed by the AOGC as the sole producer of hydrocarbons, for their respective shares of the value of the oil and gas and other things of value attributable to those tracts of land but not yet paid to anyone;

l. That the Court award judgment against Defendants in favor of Plaintiffs and the members of the class for their costs and attorney fees; and

m. That the Court grant all other relief to Plaintiffs and the members of the class to which they may be entitled.

16

Respectfully submitted,

LOUIS FROUD, SHANNON FROUD,
DEAN STAGGS, LINDA STAGGS,
BRETT MASON, AND LYNNDA MASON,
INDIVIDUALLY AND ON BEHALF OF
ALL OTHERS SIMILARLY SITUATED,
Plaintiffs

MCHENRY & MCHENRY LAW FIRM
8210 Henderson Road
Little Rock, AR  72210
501-372-3425 (phone)
501-372-3428 (fax)

WILCOX, PARKER, HURST, LANCASTER
AND LACY, PLC
123 Audubon
Suite 500
Maumelle, AR  72113
501-851-0040 (phone)
501-851-0049 (fax)

JIM PETTY
201 West Market Street
Searcy, AR  72143
501-268-2985 (phone)
501-268-3763 (fax)

BOWEN LAW FIRM, PLLC
P.O. BOX 7273
Little Rock, AR  72217
501-614-3800 (phone)
501-614-3804 (fax)

By: _____
Martin W. Bowen (AR 90095)

## CERTIFICATE OF SERVICE

I, an attorney for Plaintiffs, certify that I have served copies of the foregoing on the following:

Mr. David D. Wilson
Friday, Eldridge & Clark
400 West Capitol Avenue
Suite 2000
Little Rock, AR  72201-3522

Mr. Robert M. Honea
Hardin, Jesson & Terry, PLC
P.O. Box 10127
Fort Smith, AR  79217-0127

Mr. Mark A. Moll
Jones, Jackson & Moll, PLC
P.O. Box 2023
Fort Smith, AR  72902-2023

this 16th day of November, 2009.

Martin W. Bowen

EXHIBIT A

562   657

This instrument was prepared by:
Laura M. Madoc-Jones, Esq.
1301 McKinney, Suite 5100
Houston, Texas 77010-3095

OIL AND GAS DEED

**FILED FOR RECORD**

THIS THE _13_ DAY OF _December_
19_96_, AT _12:15_ O'CLOCK _____ M.
ALICE BARKER, Circuit Clerk & Recorder
By _Duane Smith_ , D.C.

STATE OF ARKANSAS §
§
COUNTY OF WHITE §

MISSOURI PACIFIC RAILROAD COMPANY, a Delaware corporation, whose address is 1416 Dodge Street, Omaha, Nebraska 68179 ("Grantor"), in consideration of Ten Dollars ($10.00) and other good and valuable consideration, the receipt whereof is hereby acknowledged, REMISES, RELEASES, GRANTS, SELLS and QUITCLAIMS to UPLAND INDUSTRIAL DEVELOPMENT COMPANY, a Nebraska corporation, whose address is 801 Cherry Street, Fort Worth, Texas 76102 ("Grantee"), its successors and assigns, the following (collectively, the "Oil and Gas Interests"):

All right, title and interest of Grantor in any and all oil, gas (including helium and other gaseous substances), sulphur and associated liquid and liquefiable hydrocarbons in, under or that may be produced from the real properties in White County, State of Arkansas, described in Exhibit A (the "Land"), together with the sole, exclusive and perpetual right to explore for, remove and dispose of such oil, gas, sulphur and associated hydrocarbons by any means or methods suitable to Grantee, its successors and assigns, but (i) without using or entering upon, or above a plane five hundred (500) feet below, the surface (the "Excluded Surface Area") of (A) any property in which Grantor holds on the date hereof fee ownership or an easement interest in the surface estate which is either of record or visible and apparent on the date of the proposed use or entry or (B) any property located within two hundred (200) feet of any facility of Grantor in existence both on the date hereof and on the date of the proposed use or entry upon the surface, and (ii) in such manner as not to damage the Excluded Surface Area or to interfere with the use thereof by Grantor, its successors and assigns;

together with all right, title and interest of Grantor in and to: (i) all after-acquired title of Grantor to such oil, gas, sulphur and associated hydrocarbons, (ii) all improvements (including, without limitation, buildings, structures and fixtures) on the Land, except for any improvements located on the Excluded Surface Area, and (iii) all rights, privileges, interests, easements, hereditaments and appurtenances benefiting or relating to the Oil and Gas Interests, other than any rights to enter upon the Excluded Surface Area or above a plane five hundred (500) feet below the surface of the Excluded Surface Area, including, without limitation, (A) all adjacent streets, alleys, rights-of-way, or

939291LMOPAC TO UIDC

562   658

gaps, strips or gores, and (B) all easements, licenses, rights-of-way or servitudes used or connected with the beneficial use or enjoyment of the Oil and Gas Interests (all of Grantor's right, title interest in and to the Oil and Gas Interests and the interests described in clauses (i), (ii) and (iii) above are herein collectively called the "Subject Property").

TO HAVE AND TO HOLD the Subject Property unto Grantee, its successors and assigns, forever.

IN WITNESS WHEREOF, Grantor has caused these presents to be signed on the date of the acknowledgement attached, to be effective for all purposes as of September 28, 1995.

MISSOURI PACIFIC RAILROAD COMPANY

By
Name:        R.D. UHRICH
Title:        Assistant Vice President

STATE OF NEBRASKA        )
                         ) ss.
COUNTY OF DOUGLAS        )

This instrument was acknowledged before me on the 6th day of October, 1995, by R.D. UHRICH, Assistant Vice President of Missouri Pacific Railroad Company, a Delaware corporation, on behalf of said corporation.

(SEAL)

GENERAL NOTARY – State of Nebraska
BARBARA JEAN SMITH
My Comm. Exp. 4-5-99

Notary Public in and for the
State of Nebraska

Barbara Jean Smith
(Printed Name of Notary)

My commission expires: 4-5-99

562   659

**EXHIBIT A**

**LEGAL DESCRIPTION OF PROPERTY TO BE ATTACHED**

039939 1/MOPAC TO UIDC                    -3-

Exhibit A                                                                                          uldc

| ST | COUNTY | TOWNSHIP/RANGE/SECT | LEGAL DESCRIPTION |
|----|--------|---------------------|-------------------|
| AR | WHITE | 5.0N 8.0W 13 | ALL |
| AR | WHITE | 5.0N 8.0W 15 | ALL |
| AR | WHITE | 5.0N 8.0W 23 | ALL |
| AR | WHITE | 5.0N 7.0W 2 | NE4, N2SE4 |
| AR | WHITE | 5.0N 7.0W 4 | N2NE4, SE4NE4, NE4SE4 |
| AR | WHITE | 5.0N 7.0W 6 | LOTS 1 AND 4 OF THE NW4, NE4, NW4SE4 |
| AR | WHITE | 5.0N 7.0W 18 | SE4, LOTS 1 AND 6 OF THE NW4, LOTS 1 AND 6 OF THE SW4 |
| AR | WHITE | 5.0N 7.0W 20 | NE4NE4, N2NW4 |
| AR | WHITE | 3.0N 8.0W 2 | E2NE4 |
| AR | WHITE | 5.0N 8.0W 14 | E2SW4, W2NW4, SW4SE4, SE4NW4, NW4SW4 |
| AR | WHITE | 5.0N 8.0W 4 | N2NW4, SW4NW4 |
| AR | WHITE | 5.0N 8.0W 5 | E2NW4, NW4NW4 |
| AR | WHITE | 5.0N 10.0W 7 | SW4NW4 |
| AR | WHITE | 8.0N 4.0W 7 | W2E2 |

562

660

Page __1__ of _21_

Exhibit A                                                                                  uick

| ST | COUNTY | TOWNSHIP/RANGE/SECT | LEGAL DESCRIPTION |
|----|--------|---------------------|-------------------|
| AR | WHITE | 8.0N  4.0W  29 | S/2NE/4 |
| AR | WHITE | 8.0N  5.0W  1 | W/2NE/4, W/2, N/2SE/4, SW/4SE/4, SE/4SE/4 |
| AR | WHITE | 8.0N  5.0W  17 | SW/4 |
| AR | WHITE | 8.0N  5.0W  19 | W/2NE/4, E/2W/2, SE/4 |
| AR | WHITE | 8.0N  6.0W  4 | SE/4NW/4, NE/4SW/4 |
| AR | WHITE | 8.0N  6.0W  6 | SE/4NW/4 |
| AR | WHITE | 8.0N  6.0W  8 | SE/4SW/4, NE/4SW/4 |
| AR | WHITE | 6.0N  6.0W  20 | N/2SW/4, NW/4SE/4 |
| AR | WHITE | 6.0N  6.0W  23 | NE/4, S/2NW/4, N/2S/2 |
| AR | WHITE | 6.0N  6.0W  33 | NE/4 |
| AR | WHITE | 6.0N  7.0W  10 | SE/4NW/4, NE/4SW/4, S/2SW/4 |
| AR | WHITE | 6.0N  7.0W  18 | S/2NE/4, S/2NW/4, SW/4, SE/4SE/4 |
| AR | WHITE | 6.0N  7.0W  20 | N/2NW/4, N/2SW/4, NW/4SE/4 |
| AR | WHITE | 6.0N  7.0W  22 | N/2NE/4 |

562
661

Page _2_ of _24_

Exhibit A                                                                                          uldc

| ST | COUNTY | TOWNSHIP/RANGE/SECT | LEGAL DESCRIPTION |
|----|--------|---------------------|-------------------|
| AR | WHITE | 8.0N 7.0W 28 | NE/4SE/4, SW/4 |
| AR | WHITE | 8.0N 7.0W 28 | S/2NW/4, SW/4, W/2SE/4 |
| AR | WHITE | 8.0N 7.0W 30 | N/2SW/4 |
| AR | WHITE | 8.0N 7.0W 32 | S/2 |
| AR | WHITE | 8.0N 7.0W 34 | SE/4SW/4, SW/4SE/4 |
| AR | WHITE | 8.0N 8.0W 2 | NW/4NE/4, SE/4NE/4, |
| AR | WHITE | 8.0N 8.0W 4 | NW/4NE/4, SE/4NW/4, NW/4NW/4 |
| AR | WHITE | 8.0N 8.0W 6 | SE/4SW/4, SE/4SE/4, NW/4SE/4 |
| AR | WHITE | 8.0N 8.0W 7 | NW/4NW/4, NW/4NE/4, N/2SE/4, S/2NE/4, |
| AR | WHITE | 8.0N 8.0W 8 | NE/4NW/4, S/2NW/4, N/2SW/4, SE/4SW/4, SW/4SW/4, SW/4NE/4, E/2NE/4 |
| AR | WHITE | 8.0N 8.0W 14 | W/2SE/4 |
| AR | WHITE | 8.0N 8.0W 36 | SE/4NW/4 |
| AR | WHITE | 8.0N 9.0W 1 | NW/4, SW/4NE/4, N/2SW/4, SE/4 |
| AR | WHITE | 8.0N 9.0W 3 | NE/4SW/4 |

562

662

Page _8_ of _21_

Exhibit A

| ST | COUNTY | TOWNSHIP/RANGE/SECT | LEGAL DESCRIPTION |
|----|--------|---------------------|-------------------|
| AR | WHITE | 6.0N 9.0W 16 | W/2NW/4 |
| AR | WHITE | 6.0N 9.0W 17 | NE/4NE/4 |
| AR | WHITE | 6.0N 9.0W 19 | SW/4NW/4, NW/4SW/4, NW/4NW/4 |
| AR | WHITE | 6.0N 9.0W 21 | W/2SW/4 |
| AR | WHITE | 6.0N 10.0W 1 | SW/4NW/4, SW/4SW/4 |
| AR | WHITE | 6.0N 10.0W 3 | S/2SW/4, NE/4SE/4 |
| AR | WHITE | 6.0N 10.0W 5 | NW/4SW/4, SE/4NE/4 |
| AR | WHITE | 4.0N 10.0W 7 | S/2SE/4 |
| AR | WHITE | 6.0N 10.0W 9 | SE/4 |
| AR | WHITE | 6.0N 10.0W 11 | SW/4SE/4, NE/4SW/4, NW/4NW/4 |
| AR | WHITE | 6.0N 10.0W 13 | SE/4NW/4 |
| AR | WHITE | 6.0N 10.0W 17 | W/2NW/4, NE/4NE/4 |
| AR | WHITE | 5.0N 10.0W 19 | NE/4NE/4, S/2NW/4 |
| AR | WHITE | 6.0N 10.0W 21 | N/2SE/4 |

562 · 663

Page 4 of 31

Exhibit A

uldc

| ST | COUNTY | TOWNSHIP/RANGE/SECT | LEGAL DESCRIPTION |
|---|---|---|---|
| AR | WHITE | 8.0N  10.0W  23 | SE/4NE/4, THAT PORTION OF THE SW/4NE/4 PORTION LYING NORTH OF BULL CREEK |
| AR | WHITE | 6.0N  10.0W  36 | SW/4SE/4 |
| AR | WHITE | 7.0N  5.0W  2 | E/2NE/4, NE/4SW/4, N/2SE/4 |
| AR | WHITE | 7.0N  5.0W  3 | E/2SE/4 |
| AR | WHITE | 7.0N  5.0W  8 | SE/4 |
| AR | WHITE | 7.0N  5.0W  10 | NW/4, S/2NE/4, E/2SW/4, SE/4 |
| AR | WHITE | 7.0N  5.0W  11 | N/2SW/4 |
| AR | WHITE | 7.0N  5.0W  12 | SW/4NW/4 |
| AR | WHITE | 7.0N  5.0W  15 | W/2NW/4, SE/4NW/4 |
| AR | WHITE | 7.0N  5.0W  20 | SE/4NE/4, NE/4SE/4 |
| AR | WHITE | 7.0N  5.0W  31 | N/2, SW/4, W/2SE/4 |
| AR | WHITE | 7.0N  5.0W  33 | PORTION OF THE LEFT BANK OF THE RIVER IN THE NE/4, MORE FULLY DESCRIBED IN DEED DATED MAY 11, 1905, BETWEEN ST LOUIS, IRON MOUNTAIN & SOUTHERN RAILWAY COMPANY, AS GRANTOR, AND THE CAIRO & FULTON RAILROAD COMPANY, AS GRANTEE, RECORDED IN BOOK 59, PAGE 382. |
| AR | WHITE | 8.0N  6.0W  8 | NE/4NW/4, W/2NE/4 |

562

664

Page  5  of  31

Exhibit A

uidc

| ST | COUNTY | TOWNSHIP/RANGE/SECT | LEGAL DESCRIPTION |
|----|--------|---------------------|-------------------|
| AR | WHITE | 7.5N 6.0W 9 | SW/4SW/4 |
| AR | WHITE | 7.5N 6.0W 20 | SE/4SE/4 |
| AR | WHITE | 7.5N 6.0W 22 | SE/4SW/4 |
| AR | WHITE | 7.5N 7.0W 8 | SE/4SW/4 |
| AR | WHITE | 7.5N 5.0W 9 | S/2 |
| AR | WHITE | 7.5N 7.0W 16 | W/2SW/4 |
| AR | WHITE | 7.5N 7.0W 30 | SE/4SW/4 |
| AR | WHITE | 7.0N 8.0W 1 | NE/4NE/4, SW/4NW/4 |
| AR | WHITE | 7.0N 8.0W 18 | S/2SE/4, NW/4SW/4 |
| AR | WHITE | 7.0N 8.0W 24 | SW/4NW/4, NW/4SW/4 |
| AR | WHITE | 7.0N 8.0W 26 | NE/4NW/4, NW/4NW/4 |
| AR | WHITE | 7.0N 8.0W 27 | W/2NW/4 |
| AR | WHITE | 7.0N 8.0W 28 | SE/4SE/4 |
| AR | WHITE | 7.0N 8.0W 29 | W/2NE/4, S/2S/2, W/2NW/4, SE/4NW/4 |

562
665

Page _6_ of _21_

Exhibit A                                                                                          uldc

| ST | COUNTY | TOWNSHIP/RANGE/SECT | LEGAL DESCRIPTION |
|----|--------|---------------------|-------------------|
| AR | WHITE | 7.0N 8.0W 33 | NW/4NW/4 |
| AR | WHITE | 7.0N 8.0W 34 | NE/4NE/4, W/2SE/4, SW/4, S/2NW/4 |
| AR | WHITE | 7.0N 8.0W 36 | W/2SE/4 |
| AR | WHITE | 7.0N 9.0W 3 | NW/4NE/4, SE/4NW/4, NW/4NW/4, W/2SE/4, SE/4SW/4, SE/4, |
| AR | WHITE | 7.0N 8.0W 5 | N/2NW/4 |
| AR | WHITE | 7.0N 9.0W 9 | N/2NE/4, NE/4SE/4 |
| AR | WHITE | 7.0N 9.0W 11 | W/2NW/4, SE/4NW/4, S/2NE/4, S/2SW/4, NW/4SE/4 |
| AR | WHITE | 7.0N 9.0W 15 | N/2NW/4, SE/4NW/4, SW/4NE/4, N/2SW/4, SE/4SW/4, N/2SE/4 |
| AR | WHITE | 7.0N 9.0W 19 | NE/4SE/4, SW/4NE/4 |
| AR | WHITE | 7.0N 9.0W 21 | S/2NE/4 |
| AR | WHITE | 7.0N 9.0W 27 | NW/4SW/4, SE/4SW/4, SW/4SE/4 |
| AR | WHITE | 7.0N 9.0W 29 | S/2/4NE/4 |
| AR | WHITE | 7.0N 9.0W 35 | SE/4NW/4, N/2SW/4, SW/4SW/4, S/2SE/4 |
| AR | WHITE | 7.0N 10.0W 13 | SE/4SE/4 |

562

666

Page 7 of 21

Exhibit A

uid

| ST | COUNTY | TOWNSHIP/RANGE/SECT | LEGAL DESCRIPTION |
|----|--------|---------------------|-------------------|
| AR | WHITE | 7.0N 10.0W 27 | S/2NW/4, SE/4NE/4, N/2S/2 |
| AR | WHITE | 7.0N 10.0W 35 | E/2NE/4, NW/4NE/4, E/2SE/4, SW/4SE/4 |
| AR | WHITE | 8.0N 4.0W 33 | E/2W/2, E/2 |
| AR | WHITE | 8.5N 5.0W 2 | NE/4, N/2SE/4 |
| AR | WHITE | 8.0N 5.0W 4 | NE/4SW/4, SW/4SE/4, NE/4 |
| AR | WHITE | 8.0N 5.0W 6 | SW/4SW/4, SW/4SE/4 |
| AR | WHITE | 8.0N 5.0W 8 | N/2SE/4 |
| AR | WHITE | 8.0N 5.0W 10 | E/2, E/2W/2 |
| AR | WHITE | 8.0N 5.0W 12 | E/2NW/4 |
| AR | WHITE | 8.0N 7.0W 13 | NW/4NW/4 |
| AR | WHITE | 8.0N 5.0W 14 | SE/4SW/4, SE/4 |
| AR | WHITE | 8.0N 5.0W 17 | E/2SW/4 |
| AR | WHITE | 8.0N 5.0W 18 | N/2SE/4 |
| AR | WHITE | 8.0N 5.0W 22 | SW/4SE/4 |

Page _8_ of _51_

562 667

Exhibit A

uidc

| ST | COUNTY | TOWNSHIP/RANGE/SECT | LEGAL DESCRIPTION |
|----|--------|---------------------|-------------------|
| AR | WHITE | 8.0N  5.0W  24 | SW4NW4, N/2SW4, S/2SW4 |
| AR | WHITE | 8.0N  5.0W  29 | SE4NE4 |
| AR | WHITE | 8.0N  5.0W  29 | SW4NW4 |
| AR | WHITE | 8.0N  5.0W  30 | W/2NE4, E/2NW4 |
| AR | WHITE | 8.0N  5.0W  34 | S/2NE4, NS/4SW4, N/2SE4, SE/4SE4 |
| AR | WHITE | 8.0N  6.0W  2 | SE4NE4 |
| AR | WHITE | 8.0N  6.0W  4 | SW4SE4 |
| AR | WHITE | 8.0N  8.0W  12 | S/2SE4 |
| AR | WHITE | 8.0N  8.0W  22 | NE4NW4 |
| AR | WHITE | 8.0N  7.0W  3 | SE4NE4, NE/4SW4, S/2S/2 |
| AR | WHITE | 8.0N  7.0W  9 | SW4NE4, W/2SE4, SE/4SE4 |
| AR | WHITE | 8.0N  7.0W  11 | W/2NW4, E/2NW4, N/2NE4, W/2SE/4 |
| AR | WHITE | 8.0N  7.0W  12 | SW4SE4 |
| AR | WHITE | 8.0N  7.0W  22 | S/2SE4 |

Page  9  of  21

Exhibit A

| ST | COUNTY | TOWNSHIP/RANGE/SECT | LEGAL DESCRIPTION |
|----|--------|---------------------|-------------------|
| AR | WHITE | 8.0N 7.0W 24 | NE/4NE/4 |
| AR | WHITE | 8.0N 7.0W 28 | E/2SE/4 |
| AR | WHITE | 8.0N 7.0W 29 | W/2NW/4, NE/4SE/4 |
| AR | WHITE | 8.0N 7.0W 33 | NW/4NW/4 |
| AR | WHITE | 8.0N 7.0W 36 | SE/4NE/4 |
| AR | WHITE | 8.0N 8.0W 3 | SE/4NE/4 |
| AR | WHITE | 8.0N 8.0W 5 | W/2NE/4 |
| AR | WHITE | 8.0N 8.0W 7 | W/2W/2, N/2NE/4 |
| AR | WHITE | 8.0N 8.0W 9 | S/2S/2 |
| AR | WHITE | 8.0N 8.0W 17 | NE/4NW/4, N/2NE/4, S/2SW/4, NE/4SW/4, N/2SE/4 |
| AR | WHITE | 8.0N 8.0W 19 | S/2N/2, W/2SW/4 |
| AR | WHITE | 8.0N 8.0W 23 | N/2S/2 |
| AR | WHITE | 8.0N 8.0W 25 | E/2NW/4 |
| AR | WHITE | 8.0N 8.0W 35 | NE/4NW/4 |

Page 10 of 21

562 669

Exhibit A                                                                                                          uldc

| ST | COUNTY | TOWNSHIP/RANGE/SECT | LEGAL DESCRIPTION | |
|----|--------|---------------------|------------------|---|
| AR | WHITE | 8.0N  9.0W  1 | SW1/4NE1/4, SE1/4SE1/4 | |
| AR | WHITE | 8.0N  7.0W  9 | NE1/4SE1/4 | |
| AR | WHITE | 8.0N  8.0W  13 | SE1/4NE1/4, W1/2SE1/4, NE1/4SE1/4 | |
| AR | WHITE | 8.0N  8.0W  21 | SE1/4SE1/4, W1/2SE1/4, SE1/4NW1/4 | |
| AR | WHITE | 8.0N  8.0W  23 | W1/2NE1/4 | |
| AR | WHITE | 8.0N  9.0W  25 | N1/2SW1/4, E1/2NW1/4, NW1/4SE1/4 | |
| AR | WHITE | 8.0N  9.0W  27 | NW1/4NE1/4 | |
| AR | WHITE | 8.0N  9.0W  33 | N1/2SW1/4, SE1/4NE1/4, NE1/4SE1/4, SW1/4SW1/4 | |
| AR | WHITE | 8.0N  9.0W  35 | E1/2NE1/4, SW1/4NE1/4, SW1/4NW1/4 | |
| AR | WHITE | 8.0N  10.0W  23 | SE1/4SE1/4 | |
| AR | WHITE | 8.0N  10.0W  27 | SE1/4SW1/4, SW1/4SE1/4 | |
| AR | WHITE | 8.0N  10.0W  33 | NW1/4NE1/4, NE1/4NW1/4, NE1/4SW1/4 | 562 |
| AR | WHITE | 9.0N  4.0W  8 | N1/2SE1/4, SW1/4SE1/4, SE1/4SW1/4, NW1/4NW1/4 | |
| AR | WHITE | 9.0N  4.0W  14 | W1/2, NW1/4SE1/4 | 670 |

Page  11  of  81

Exhibit A

uidc

| ST | COUNTY | TOWNSHIP/RANGE/SECT | | | LEGAL DESCRIPTION |
|----|--------|------|------|----|-------------------|
| AR | WHITE | 9.0N | 4.0W | 20 | NW/4NW/4 |
| AR | WHITE | 9.0N | 4.0W | 30 | SW/4SW/4 |
| AR | WHITE | 9.0N | 5.0W | 2 | SE/4NE/4 |
| AR | WHITE | 9.0N | 5.0W | 4 | SE/4NW/4, SW/4, S/2SE/4 |
| AR | WHITE | 9.0N | 5.0W | 8 | SE/4NE/4 |
| AR | WHITE | 9.0N | 5.0W | 14 | W/2, S/2SE/4 |
| AR | WHITE | 9.0N | 5.0W | 22 | S/2NE/4, SE/4 |
| AR | WHITE | 9.0N | 5.0W | 24 | N/2NW/4 |
| AR | WHITE | 9.0N | 5.0W | 28 | W/2SW/4, NE/4NW/4, W/2NW/4 |
| AR | WHITE | 9.0N | 5.0W | 32 | N/2NE/4, E/2SW/4, NW/4SE/4, SE/4SE/4 |
| AR | WHITE | 9.0N | 5.0W | 34 | E/2NW/4, NE/4NE/4, SW/4NE/4, S/2SW/4 |
| AR | WHITE | 9.0N | 6.0W | 1 | NE/4NW/4 |
| AR | WHITE | 9.0N | 6.0W | 3 | NW/4 |
| AR | WHITE | 9.0N | 6.0W | 9 | N/2NW/4, SW/4NW/4, E/2NE/4 |

Page 12 of 21

562
671

ibit A                                                                              uldc

| COUNTY | TOWNSHIP/RANGE/SECT | LEGAL DESCRIPTION |
|---|---|---|
| WHITE | 9.0N 8.0W 14 | NE/4NE/4, S/2SE/4 |
| WHITE | 9.0N 8.0W 17 | N/2NW/4, E/2NE/4, NW/4NE/4, E/2SE/4, SW/4SE/4, S/2NW/4 |
| WHITE | 9.0N 8.0W 21 | W/2NW/4, S/E/4NW/4, NW/4SW/4, W/2SE/4 |
| WHITE | 9.0N 8.0W 24 | NE/4NW/4, W/2NW/4NE/4, SE/4NW/4, SE/4NE/4 |
| WHITE | 9.0N 8.0W 29 | NW/4NW/4, SE/4SE/4 |
| WHITE | 9.0N 8.0W 36 | NW/4, N/2NE/4, N/2SW/4 |
| WHITE | 9.0N 7.0W 5 | PART OF THE W/2 OF LOT 2 OF THE NE/4, MORE FULLY DESCRIBED IN DEED, DATED MARCH 2, 1892, BETWEEN ST LOUIS, IRON MOUNTAIN & SOUTHERN RAILROAD CO. AS GRANTOR, AND WM. P. HOWELL, AS GRANTEE, RECORDED IN B 58, P 213 |
| WHITE | 9.0N 7.0W 9 | NE/4NW/4, NE/4SW/4 |
| WHITE | 9.0N 7.0W 13 | NE/4SE/4 |
| WHITE | 9.0N 7.0W 23 | N/2NW/4, SE/4NW/4, E/2SW/4, SW/4SW/4 |
| WHITE | 9.0N 7.0W 27 | SE/4NE/4 |
| WHITE | 9.0N 7.0W 29 | NE/4NE/4 |
| WHITE | 9.0N 8.0W 13 | NE/4SW/4 |

562

672

ge _13_ of _21_

Exhibit A                                                                                                    uidc

| ST | COUNTY | TOWNSHIP/RANGE/SECT | LEGAL DESCRIPTION |
|----|--------|---------------------|-------------------|
| AR | WHITE | 9.0N 8.0W 23 | SW/4SE/4 |
| AR | WHITE | 9.0N 8.0W 27 | NW/4SE/4, NE/4NE/4 |
| AR | WHITE | 9.0N 8.0W 35 | E/2SE/4, N/2SW/4, FRACTIONAL SW/4SW/4, MORE FULLY DESCRIBED IN DEED, DATED JUNE 20, 1907, BETWEEN ST LOUIS, IRON MOUNTAIN & SOUTHERN RAILWAY COMPANY, AS GRANTOR, AND THE CAIRO & FULTON RAILROAD COMPANY, AS GRANTEE, RECORDED IN BOOK 58, PAGE 269. |
| AR | WHITE | 10.0N 8.0W 5 | NW/4NW/4, SW/4NE/4, SE/4SE/4, NW/4NE/4 |
| AR | WHITE | 10.0N 8.0W 9 | N/2NW/4, S/2NW/4, SW/4, W/2SW/4, SW/4NE/4 |
| AR | WHITE | 10.0N 8.0W 13 | N/2NE/4 |
| AR | WHITE | 10.0N 8.0W 15 | SE/4NE/4, NE/4SE/4 |
| AR | WHITE | 10.0N 8.0W 17 | E/2, SW/4 |
| AR | WHITE | 10.0N 8.0W 19 | S/2NE/4, NW/4SE/4, N/2SW/4, SE/4SW/4 |
| AR | WHITE | 10.0N 8.0W 21 | ALL |
| AR | WHITE | 10.0N 8.0W 23 | N/2NW/4, SE/4NW/4, NE/4, NE/4SW/4, S/2SW/4, N/2SE/4, SW/4 |
| AR | WHITE | 10.0N 8.0W 25 | N/2SW/4, SW/4SW/4, NW/4SE/4 |

Page _14_ of _21_

562   673

hibit A

uidc

| COUNTY | TOWNSHIP/RANGE/SECT | LEGAL DESCRIPTION |
|--------|---------------------|-------------------|
| WHITE | 10.0N 6.0W 27 | NW/4, N/2NE/4, SE/4NE/4, W/2SW/4, SE/4SW/4, E/2SE/4, SW/4 |
| WHITE | 10.0N 6.0W 29 | NE/4NW/4, N/2NE/4, N/2SW/4, SW/4SW/4, W/2SE/4 |
| WHITE | 10.0N 6.0W 33 | W/2, SW/4NE/4, W/2SE/4 |
| WHITE | 10.0N 6.0W 35 | SE/4SW/4, N/2SE/4, E/2NE/4, N/2SW/4, SW/4SW/4 |
| WHITE | 10.0N 7.0W 1 | E/2NW/4, SW/4NW/4, SW/4, SE/4 |
| WHITE | 10.0N 7.0W 3 | S/2NE/4, NE/4NE/4 |
| WHITE | 10.0N 7.0W 5 | NE/4NE/4, S/2NE/4 |
| WHITE | 10.0N 7.0W 7 | S/2NW/4 |
| WHITE | 10.0N 7.0W 11 | SW/4, W/2SE/4 |
| WHITE | 10.0N 7.0W 15 | N/2NW/4, SW/4NE/4 |
| WHITE | 10.0N 7.0W 31 | PORTION OF THE LEFT BANK OF THE RIVER IN THE NW/4, MORE FULLY DESCRIBED IN DEED DATED MAY 8, 1882, BETWEEN ST LOUIS, IRON MOUNTAIN & SOUTHERN RAILWAY COMPANY, AS GRANTOR, AND THE CAIRO & FULTON RAILROAD COMPANY, AS GRANTEE, RECORDED IN BOOK 58, PAGE 144. |
| WHITE | 10.0N 7.0W 33 | N/2NW/4, NW/4NE/4 |

562

674

Exhibit A

uidc

| ST | COUNTY | TOWNSHIP/RANGE/SECT | LEGAL DESCRIPTION |
|----|--------|---------------------|-------------------|
| AR | WHITE | 10.0N 6.0W 1 | NE/4, NE/4SE/4 |
| AR | WHITE | 6.0N 7.0W 25 | SE/4NW/4 |
| AR | WHITE | 7.0N 5.0W 27 | NW/4, N/2SW/4, S/2NW/4 |
| AR | WHITE | 7.0N 7.0W 4 | NE/4NE/4 |
| AR | WHITE | 7.0N 7.0W 11 | A TRACT OF LAND OUT OF A PORTION OF SEC 11, FURTHER DESCRIBED BY DEED DATED NOVEMBER 1, 1928, RECORDED B142 P223 |
| AR | WHITE | 7.0N 7.0W 11 | A TRACT OF LAND OUT OF A PORTION OF SEC 11, FURTHER DESCRIBED BY EASEMENT DEED DATED FEBRUARY 3, 1969, RECORDED B62 P517 |
| AR | WHITE | 7.0N 7.0W 11 | A TRACT OF LAND OUT OF A PORTION OF SEC 11, FURTHER DESCRIBED BY INSTRUMENT DATED APRIL 25, 1981, RECORDED B34 P167 |
| AR | WHITE | 7.0N 7.0W 11 | A TRACT OF LAND OUT OF A PORTION OF SEC 11, FURTHER DESCRIBED BY DEED DATED MAY 6, 1975, FROM RECORDED B373 P655 |
| AR | WHITE | 7.0N 8.0W 36 | W/2SE/4 |
| AR | WHITE | 7.0N 9.0W 19 | NE/4SE/4 |
| AR | WHITE | 8.0N 4.0W 35 | N/2NE/4 |
| AR | WHITE | 8.0N 5.0W 22 | NW/4NW/4 |

Page _16_ of _21_

562
675

Exhibit A                                                                                  uidc

| T | COUNTY | TOWNSHIP/RANGE/SECT | LEGAL DESCRIPTION |
|---|--------|---------------------|-------------------|
| R | WHITE | 8.0N 6.0W 25 | A TRACT OF LAND OUT OF A PORTION OF SEC 25, FURTHER DESCRIBED BY WARRANTY DEED DATED MAY 1, 1966, RECORDED B99 P570 |
| R | WHITE | 8.0N 7.0W 22 | E/2SE/4, SE/4SE/4 |
| R | WHITE | 8.0N 8.0W 5 | NW/4NE/4 |
| R | WHITE | 8.0N 8.0W 7 | A TRACT OF LAND OUT OF A PORTION OF SEC 7, FURTHER DESCRIBED BY DEED DATED JANUARY 31, 1896, RECORDED B63 P9 |
| R | WHITE | 8.0N 8.0W 7 | A TRACT OF LAND OUT OF A PORTION OF SEC 7, FURTHER DESCRIBED BY DEED DATED OCTOBER 30, 1923, RECORDED B109 P175 |
| R | WHITE | 8.0N 8.0W 7 | A TRACT OF LAND OUT OF A PORTION OF SEC 7, FURTHER DESCRIBED BY DEED DATED NOVEMBER 18, 1910, RECORDED B83 P76 |
| R | WHITE | 8.0N 8.0W 7 | A TRACT OF LAND OUT OF A PORTION OF SEC 7, FURTHER DESCRIBED BY DEED DATED NOVEMBER 7, 1910, FROM RECORDED B109 P124 |
| R | WHITE | 8.0N 8.0W 7 | A TRACT OF LAND OUT OF A PORTION OF SEC 7, FURTHER DESCRIBED BY DEED DATED MAY 10, 1976, RECORDED B50 P236 |
| R | WHITE | 8.0N 8.0W 7 | A TRACT OF LAND OUT OF A PORTION OF SEC 7, FURTHER DESCRIBED BY DEED DATED JANUARY 7, 1976, RECORDED B50 P236 |
| R | WHITE | 8.0N 8.0W 7 | A TRACT OF LAND OUT OF A PORTION OF SEC 7, FURTHER DESCRIBED BY DEED DATED SEPTEMBER 8, 1905, RECORDED B80 P301 |

562

676

Page _17_ of _21_

Exhibit A

uidc

| ST | COUNTY | TOWNSHIP/RANGE/SECT | | | LEGAL DESCRIPTION |
|---|---|---|---|---|---|
| AR | WHITE | 8.0N | 8.0W | 7 | A TRACT OF LAND OUT OF A PORTION OF SEC 7, FURTHER DESCRIBED BY DEED DATED AUGUST 25, 1934, RECORDED B149 P548 |
| AR | WHITE | 8.0N | 9.0W | 1 | SE/4SE/4 |
| AR | WHITE | 9.0N | 4.0W | 26 | W/2SE/4, SW/4 |
| AR | WHITE | 9.0N | 4.0W | 28 | E/2SE/4 |
| AR | WHITE | 10.0N | 6.0W | 3 | W/2NE/4, E/2NW/4 |
| AR | WHITE | 5.0N | 6.0W | 2 | E/2NE/4 |
| AR | WHITE | 7.0N | 5.0W | 11 | N/2SW/4 |
| AR | WHITE | 7.0N | 5.0W | 12 | NW/4NW/4 |
| AR | WHITE | 7.0N | 5.0W | 13 | N/2SW/4 |
| AR | WHITE | 7.0N | 5.0W | 22 | N/2NE/4, S/2NW/4, SW/4 |
| AR | WHITE | 7.0N | 5.0W | 23 | SW/4NE/4, NW/4, NW/4SW/4 |
| AR | WHITE | 7.0N | 6.0W | 9 | A TRACT OF LAND OUT OF THE NE/4;  FURTHER DESCRIBED IN INSTRUMENT FROM  J C AND  PEARL RHEW TO MISSOURI PACIFIC RAILROAD COMPANY, RECORDED B155, P474 |

Page __18__ of __31__

562   677

Exhibit A

uidc

| T | COUNTY | TOWNSHIP/RANGE/SECT | LEGAL DESCRIPTION |
|---|--------|---------------------|-------------------|
| : | WHITE | 7.0N  8.0W  10 | A STRIP 45' WIDE MISSOURI PACIFIC RAILROAD RIGHT-OF-WAY  OVER AND ACROSS  THE  NW/4NW/4;  FURTHER DESCRIBED IN INSTRUMENT FROM THOMAS H AND ANNIE BEALS TO MISSOURI PACIFIC RAILROAD COMPANY, RECORDED B155, P475 |
| : | WHITE | 8.0N  5.0W  1 | NE/4 |
| : | WHITE | 8.0N  5.0W  2 | S/2SE/4 |
| : | WHITE | 8.0N  5.0W  13 | SW/4 |
| : | WHITE | 8.0N  5.0W  19 | MISSOURI PACIFIC RAILROAD RIGHT OF WAY 75' WIDE OVER AND ACROSS THE  SE/4SW/4;  FURTHER DESCRIBED IN INSTRUMENT DATED 09-23-1910, FROM  L F AND MINNIE WHEELER TO ST LOUIS, IRON MOUNTAIN & SOUTHERN RAILWAY COMPANY, RECORDED B67, P617 |
| : | WHITE | 8.0N  5.0W  19 | A STRIP 100' WIDE MISSOURI PACIFIC RAILROAD RIGHT-OF-WAY  OVER AND ACROSS THE  NE/4SW/4 AND NW/4SE/4; FURTHER DESCRIBED IN INSTRUMENT DATED 09-23-1910, FROM MARY E BROWN ET AL, TO ST LOUIS IRON MOUNTAIN & SOUTHERN RAILWAY CO, RECORDED B67, P619 |
| : | WHITE | 8.0N  5.0W  19 | A STRIP 75' WIDE MISSOURI PACIFIC RAILROAD RIGHT -OF-WAY  OVER AND ACROSS THE  NE/4SE/4;  FURTHER DESCRIBED IN INSTRUMENT DATED 09-20-1910, FROM  W T AND SARAH C HENDERSEN TO ST LOUIS, IRON MOUNTAIN & SOUTHERN RAILWAY CO, RECORDED B67, P526 |
| : | WHITE | 8.0N  5.0W  19 | A TRACT OF LAND IN THE  NW/4SE/4;  FURTHER DESCRIBED IN INSTRUMENT DATED 09-20-1948, FROM  W ERNEST AND HELEN C FORBES TO MISSOURI PACIFIC RAILROAD CO RECORDED V197, P147 |

562

678

Page  19  of  31

Exhibit A                                                                                                                    uidc

| ST | COUNTY | TOWNSHIP/RANGE/SECT | LEGAL DESCRIPTION |
|----|--------|---------------------|-------------------|
| AR | WHITE | 8.0N 5.0W 19 | A TRACT OF LAND IN THE NW/4SE/4; NE/4SW/4; FURTHER DESCRIBED IN INSTRUMENT DATED 06-26-1952, FROM ROY A AND NINA M HUFFAKER TO ST LOUIS, IRON MOUNTAIN & SOUTHERN RAILWAY COMPANY, RECORDED V125, P355 |
| AR | WHITE | 8.0N 5.0W 19 | A STRIP 75' WIDE MISSOURI PACIFIC RAILROAD RIGHT-OF-WAY OVER AND ACROSS THE  SE/4NE/4; FURTHER DESCRIBED IN INSTRUMENT DATED 09-29-1910, FROM  T J AND MARY C CAMPBELL TO ST LOUIS, IRON MOUNTAIN & SOUTHERN RAILWAY COMPANY, RECORDED B87, P616 |
| AR | WHITE | 8.0N 5.0W 20 | A STRIP 50' WIDE MISSOURI PACIFIC RAILROAD RIGHT-OF-WAY  OVER AND ACROSS THE  SE/4NE/4; FURTHER DESCRIBED IN INSTRUMENT DATED 01-11-1907, FROM  J N EDWARDS AND ANNA EDWARDS  TO ST LOUIS, IRON MOUNTAIN & SOUTHERN RAILWAY COMPANY, RECORDED #04 073 03 #19 |
| AR | WHITE | 8.0N 5.0W 20 | A STRIP 50' WIDE MISSOURI PACIFIC RAILROAD RIGHT-OF-WAY  OVER AND ACROSS THE  SW/4NE/4; FURTHER DESCRIBED IN INSTRUMENT DATED 01-07-1907, FROM JOS AND LAURA GAGLEY TO ST LOUIS, IRON MOUNTAIN & SOUTHERN RAILWAY CO., RECORDED B86, P181 |
| AR | WHITE | 8.0N 5.0W 20 | MISSOURI PACIFIC RAILROAD RIGHT OF WAY 50' WIDE OVER AND ACROSS THE  NW/4NE/4;  FURTHER DESCRIBED IN INSTRUMENT DATED 02-20-1908, FROM  J AND DONNA COLLINSTON TO ST LOUIS, IRON MOUNTAIN & SOUTHERN RAILWAY COMPANY, RECORDED V88, P180 |
| AR | WHITE | 8.0N 5.0W 20 | A TRACT OF LAND DESCRIBED IN INSTRUMENT DATED 02-10-1913, FROM G A AND NINA BELL DICKEY TO ST LOUIS, IRON MOUNTAIN & SOUTHERN RAILWAY COMPANY, RECORDED B94, P554 |
| AR | WHITE | 8.0N 5.0W 20 | A STRIP 100'  WIDE MISSOURI PACIFIC RAILROAD RIGHT-OF-WAY  OVER AND ACROSS THE  S/2SW/4;  FURTHER DESCRIBED IN INSTRUMENT DATED 12-23-1863, FROM  B D TUMES TO ST LOUIS, IRON MOUNTAIN & SOUTHERN RAILWAY COMPANY, RECORDED B "SS" (OR 55), P264 |

Page _20_ of _21_

562

679

hibit A

uidc

| COUNTY | TOWNSHIP/RANGE/SECT | LEGAL DESCRIPTION |
|--------|---------------------|-------------------|
| WHITE | 8.0N  5.0W  20 | A STRIP OF LAND DESCRIBED IN INSTRUMENT DATED 02-02-1942, FROM MRS. VIRTA ADKINS TO MISSOURI PACIFIC RAILROAD COMPANY, RECORDED B163, P394 |
| WHITE | 8.0N  5.0W  20 | A STRIP 50' WIDE MISSOURI PACIFIC RAILROAD RIGHT-OF-WAY OVER AND ACROSS THE SE/4NE/4; FURTHER DESCRIBED IN INSTRUMENT DATED 01-11-1907, FROM  J N AND ANNA EDWARDS TO ST LOUIS IRON MOUNTAIN & SOUTHERN RAILWAY COMPANY, RECORDED 19091103 |
| WHITE | 8.0N  5.0W  34 | W/2SW/4, E/2SE/4 |
| WHITE | 9.0N  4.0W  5 | SEE EXHIBITS AR-WHITE-1 AND AR-WHITE-1A |
| WHITE | 9.0N  4.0W  5 | A TRACT OF LAND OUT OF THE  NE/4SE/4;  FURTHER DESCRIBED IN INSTRUMENT DATED 01-05-1929, FROM  S S AND ADA THROCKMORTON TO MISSOURI PACIFIC RAILROAD COMPANY, RECORDED-B140, P454 |
| WHITE | 9.0N  4.0W  5 | A TRACT OF LAND OUT OF THE  W/2SE/4; FURTHER DESCRIBED IN INSTRUMENT DATED 01-21-1929, FROM MYRTLE E  AND  H S VERNON TO MISSOURI PACIFIC RAILROAD COMPANY, RECORDED B140, P453 |
| WHITE | 9.0N  4.0W  11 | NE/4 |
| WHITE | 9.0N  4.0W  14 | S/2SW/4 |
| WHITE | 9.0N  7.0W  27 | NW/4SE/4 |

562

680

ige _31_ of _31_

EXHIBIT
AR-WHITE-1

562   681

White Co. Mr 64?
St.L.I.M. & S.

04 073 017# 64 -1

1949 0409

QUIT CLAIM DEED

THIS DEED, made and entered into this ____ day of ____
1949, by and between Guy A. Thompson, Trustee, Missouri Pacific Railroad
Company, Debtor, as Trustee and not individually, Party of the First Part,
and J. T. Sizemore, and Russell, White County, Arkansas, Party of the Second
Part, WITNESSETH:

That the said Party of the First Part, acting herein pursuant to
the powers vested in him under Section 77, Chapter XIII of the Act of Con-
gress Relating to Bankruptcy, as amended (Section 205, United States Code,
as amended), and pursuant to Order No. 107 of the District Court of the
United States within and for the Eastern Division, Eastern Judicial Dis-
trict of Missouri, filed January 14, 1946 in that certain cause pending
in said Court entitled "In the Matter of Missouri Pacific Railroad Company,
Debtor — Proceedings for the Reorganization of a Railroad, No. 6935",
whereby the Party of the First Part, as Trustee, Missouri Pacific Railroad
Company, Debtor, was authorized by said Court to sell at private sale cer-
tain classes of property, which included property of the class herein
described and hereby conveyed, and in consideration of the sum of Two
Hundred Forty-eight Dollars ($248.00) in hand paid by the Party of the
Second Part, the receipt of which is hereby acknowledged, does by these
presents sell, remise, release and quitclaim unto the Party of the Second
Part, and unto his successors and assigns forever (but subject to the ex-
ceptions and reservations hereinafter mentioned) all the right, title and
interest of the Debtor and of the Debtor's estate in and to the following
described property, situated in the County of White and State of Arkansas,
included in the estate of the Debtor, to-wit:

A tract or parcel of land situated in the Southeast
Quarter (SE¼) of Section 5, Township 9 North, Range 4 West,
White County, Arkansas, described as follows:

Beginning at the intersection of Missouri Pacific
Railroad Company's easterly right of way line with the east
and west center line of Section 5, Township 9 North, Range
4 West, said intersection point being 100 feet distant south-
eastwardly, measured at right angles from the center line of
Missouri Pacific Railroad Company's Main Track as now located;
thence east, on the east and west center line of said Section
5, 396.29 feet to a point 400 feet distant southeastwardly, at
right angles from the center line of said main track; thence
southwestwardly, parallel with said main track, 1161.44 feet;
thence northwestwardly, at right angles to last described
course 350 feet to a point on said easterly right of way line,
said point being 50 feet distant southeastwardly at right
angles from the center line of said main track; thence north-
eastwardly parallel with said main track, 1648.8 feet to a
point on the north and south quarter quarter line of said
Section 5; thence easterly 57 feet to a point 100 feet distant
southeastwardly at right angles from the center line of said



EXHIBIT
AR-WHITE-1A

562   682

main track; thence northeastwardly, parallel with said main
track, 391.4 feet, more or less, to the point of beginning,
containing 21.8 acres, more or less)

with duty however, (a) to pay taxes for the year 1940 and thereafter
and to all special assessments falling due after the date thereof, all (b) to
which the Party of the Second Part covenants and agrees to pay, and (c) to
the certain licenses, one whereof was granted by Missouri Pacific Rail-
road Company May 1, 1929, and the other whereof was granted by the Party
of the First Part herein September 12, 1947, to Mississippi River Fuel
Corporation, for the construction, maintenance and use of steel pipe lines
for conveying Natural Gas on, over and upon the above described tract or
parcel of land.

There is, however, expressly reserved to Missouri Pacific Rail-
road Company, and to the said Trustee, Missouri Pacific Railroad Company,
Trustee, and each of their successors and assigns, all the minerals (the
term "minerals", as used herein, to include all coal, oil and minerals of
every character and description) upon, in or under the land hereinabove
described and hereby conveyed, or any part thereof, together with the
right to enter upon said land or any part thereof and explore, dig, mine
or drill for and remove minerals in, upon, under or that may be produced
from the said lands or any part thereof, and to erect, place, use, occupy
and enjoy upon said land, or any part thereof, such roads and ways, struc-
tures, buildings, pipelines, tools, implements or machinery as may be
proper, necessary or convenient in or about the exploring, digging, mining
or drilling for or removal of any minerals, without any claim for damages
on behalf of the said Party of the Second Part, his successors or assigns.

This conveyance is made subject to the liens of certain mort-
gages or deeds of trust, viz:

1. The First and Refunding Mortgage of Missouri Pacific Railroad
Company, dated April 2, 1917.

2. The General Mortgage of Missouri Pacific Railroad Company,
dated April 2, 1917.

But the grantor herein, the Party of the First Part, hereby
agrees and undertakes for himself, his successors and assigns, at his own
cost and at his own expense, to secure release of the liens of the aforementioned
mortgages or deeds of trust insofar as the same attach to the premises
hereby conveyed.

TO HAVE AND TO HOLD all and singular the above described premises,
together with the appurtenances and every part thereof, upon and subject to
the reservations and exceptions above stated, unto the said W. T. Bowman,
his successors and assigns, forever.

EXHIBIT B

| T | R | S | CALL | ACRES |
|---|---|---|---|---|
| 6 | 7 | 26 | NE/4 SE/4 | 40.00 |
| 6 | 8 | 4 | NW/4 NE/4 | 34.37 |
| 6 | 8 | 6 | SE/4 SW/4 | 40.00 |
|   |   |   | SE/4 SE/4 | 40.00 |
| 6 | 8 | 7 | NW/4 NE/4 | 40.00 |
|   |   |   | NE/4 NE/4 | 40.00 |
|   |   |   | SW/4 NE/4 | 40.00 |
|   |   |   | SE/4 NE/4 | 40.00 |
| 6 | 8 | 8 | NE/4 NW/4 | 40.00 |
|   |   |   | S/2 NW/4 | 80.00 |
|   |   |   | N/2 SW/4 | 80.00 |
|   |   |   | SE/4 SW/4 | 40.00 |
| 6 | 9 | 1 | N/2 NW/4 | 81.19 |
|   |   |   | SW/4 NE/4 | 40.00 |
|   |   |   | NW/4 SE/4 | 40.00 |
| 6 | 9 | 19 | SW/4 NW/4 | 40.00 |
| 6 | 9 | 21 | W/2 SW/4 | 80.00 |
| 6 | 10 | 9 | SE/4 | 157.90 |
| 6 | 10 | 19 | NE/4 NE/4 | 29.55 |
|   |   |   | S/2 NW/4 | 59.10 |
| 6 | 10 | 21 | N/2 SE/4 | 80.00 |
| 6 | 10 | 23 | SW/4 NE/4 | 22.38 |
|   |   |   | SE/4 NE/4 | 22.38 |
| 7 | 8 | 1 | NE/4 NE/4 | 40.48 |
| 7 | 8 | 24 | NW/4 SW/4 | 39.08 |
| 7 | 8 | 26 | NE/4 NW/4 | 40.00 |
| 7 | 8 | 28 | SE/4 SE/4 | 40.00 |
| 7 | 8 | 29 | NW/4 NE/4 | 40.00 |
| 7 | 8 | 34 | SE/4 NW/4 | 40.00 |
| 7 | 9 | 3 | NW/4 NE/4 | 40.00 |
|   |   |   | SE/4 NW/4 | 40.00 |
|   |   |   | NW/4 NW/4 | 40.00 |
|   |   |   | W/2 SW/4 | 80.00 |
|   |   |   | SE/4 SW/4 | 40.00 |
|   |   |   | SE/4 | 160.00 |
| 7 | 9 | 5 | N/2 NW/4 | 80.00 |
| 7 | 9 | 9 | N/2 NE/4 | 80.00 |
|   |   |   | NE/4 SE/4 | 40.00 |
| 7 | 9 | 11 | SW/4 NE/4 | 40.00 |
|   |   |   | SE/4 NW/4 | 40.00 |
|   |   |   | W/2 NW/4 | 80.00 |
|   |   |   | SE/4 NE/4 | 40.00 |
|   |   |   | SW/4 SW/4 | 40.00 |
|   |   |   | SE/4 SW/4 | 40.00 |
|   |   |   | NW/4 SE/4 | 40.00 |
| 7 | 9 | 15 | SW/4 NE/4 | 40.00 |
|   |   |   | N/2 NW/4 | 80.00 |
|   |   |   | N/2 S/2 | 160.00 |
|   |   |   | SE/4 SW/4 | 40.00 |
|   |   |   | SW/4 SE/4 | 40.00 |
| 7 | 9 | 19 | NE/4 SE/4 | 40.00 |
|   |   |   | SW/4 NE/4 | 40.00 |
| 7 | 9 | 27 | NW/4 SW/4 | 40.00 |
|   |   |   | SE/4 SW/4 | 40.00 |
|   |   |   | SW/4 SE/4 | 40.00 |
| 7 | 9 | 35 | SE/4 NW/4 | 40.00 |
| 8 | 5 | 4 | NE/4 | 153.60 |
| 8 | 7 | 3 | SW/4 SW/4 | 40.00 |
|   |   |   | NE/4 SW/4 | 40.00 |
|   |   |   | SW/4 SW/4 | 40.00 |
|   |   |   | SE/4 SE/4 | 40.00 |
| 8 | 7 | 9 | NE/4 SE/4 | 40.00 |

| | | | | |
|---|---|---|---|---|
| 8 | 7 | 11 | W/2 NW/4 | 80.00 |
| | | | N/2 NE/4 | 80.00 |
| | | | NE/4 NW/4 | 40.00 |
| 8 | 8 | 5 | N/2 NE/4 | 80.00 |
| 8 | 8 | 7 | W/2 W/2 | 160.00 |
| | | | NW/4 NE/4 | 40.00 |
| | | | NE/4 NE/4 | 40.00 |
| 8 | 8 | 9 | S/2 S/2 | 160.00 |
| 8 | 8 | 17 | N/2 NE/4 | 80.00 |
| | | | NE/4 NW/4 | 40.00 |
| | | | NE/4 SW/4 | 40.00 |
| | | | S/2 SW/4 | 80.00 |
| | | | N/2 SE/4 | 80.00 |
| 8 | 8 | 19 | S/2 N/2 | 160.00 |
| | | | W/2 SW/4 | 80.00 |
| 8 | 9 | 1 | SW/4 NE/4 | 40.00 |
| | | | SE/4 SE/4 | 40.00 |
| 8 | 9 | 13 | SE/4 NE/4 | 40.00 |
| | | | W/2 SE/4 | 80.00 |
| | | | NE/4 SE/4 | 40.00 |
| 8 | 9 | 21 | SE/4 NW/4 | 40.00 |
| | | | W/2 SE/4 | 80.00 |
| | | | SE/4 SE/4 | 40.00 |
| 8 | 9 | 25 | N/2 SW/4 | 80.00 |
| | | | E/2 NW/4 | 80.00 |
| | | | NW/4 SE/4 | 40.00 |
| 8 | 9 | 27 | NW/4 NE/4 | 40.00 |
| 8 | 9 | 35 | E/2 NE/4 | 80.00 |
| | | | SW/4 NE/4 | 40.00 |
| 8 | 10 | 33 | NW/4 NE/4 | 40.00 |
| | | | NE/4 NW/4 | 40.00 |
| | | | NE/4 SW/4 | 40.00 |
| 9 | 5 | 4 | NE/4 SW/4 | 40.00 |
| | | | S/2 SE/4 | 80.00 |
| 9 | 5 | 8 | SE/4 NE/4 | 40.00 |
| 9 | 5 | 14 | NW/4 | 160.00 |
| | | | S/2 SW/4 | 80.00 |
| 9 | 5 | 22 | S/2 NE/4 | 80.00 |
| | | | NW/4 SE/4 | 40.00 |
| 9 | 5 | 24 | N/2 NW/4 | 80.00 |
| 9 | 5 | 32 | NW/4 NE/4 | 40.00 |
| | | | NE/4 NE/4 | 40.00 |
| | | | NE/4 SW/4 | 40.00 |
| | | | SE/4 SW/4 | 40.00 |
| | | | NW/4 SE/4 | 40.00 |
| | | | SE/4 SE/4 | 40.00 |
| 9 | 5 | 34 | SE/4 NW/4 | 40.00 |
| | | | NE/4 NE/4 | 40.00 |
| | | | SW/4 NE/4 | 40.00 |
| | | | SW/4 SW/4 | 40.00 |
| | | | SE/4 SW/4 | 40.00 |
| 9 | 6 | 1 | NE/4 NW/4 | 39.63 |
| 9 | 6 | 5 | NE/4 NW/4 | 40.00 |
| | | | W/2 NE/4 | 84.85 |
| 9 | 6 | 9 | NW/4 NW/4 | 40.00 |
| | | | NE/4 NW/4 | 40.00 |
| | | | SW/4 NW/4 | 40.00 |
| | | | NE/4 NE/4 | 40.00 |
| | | | SE/4 NE/4 | 40.00 |
| 9 | 6 | 21 | W/2 NW/4 | 80.00 |
| | | | SE/4 NW/4 | 40.00 |
| | | | NW/4 SW/4 | 40.00 |
| | | | SW/2 SE/4 | 40.00 |
| 9 | 6 | 24 | NE/4 NW/4 | 40.00 |

|    |   |    | W/2 NW/4 NE/4 | 20.00  |
|----|---|----|---------------|--------|
| 9  | 6 | 36 | NW/4          | 160.00 |
|    |   |    | N/2 NE/4      | 80.00  |
|    |   |    | N/2 SW/4      | 80.00  |
| 9  | 7 | 29 | NE/4 NE/4     | 40.00  |
| 9  | 8 | 13 | NE/4 SW/4     | 40.00  |
| 9  | 8 | 23 | SW/4 SE/4     | 40.00  |
| 10 | 6 | 1  | NE/4 SE/4     | 40.00  |
| 10 | 6 | 5  | NW/4 NW/4     | 58.96  |
|    |   |    | SW/4 NE/4     | 40.00  |
|    |   |    | NW/4 NE/4     | 57.71  |
| 10 | 6 | 9  | N/2 NW/4      | 80.00  |
|    |   |    | S/2 NW/4      | 80.00  |
|    |   |    | SW/4          | 160.00 |
|    |   |    | SW/4 SE/4     | 40.00  |
| 10 | 6 | 13 | N/2 NE/4      | 80.00  |
| 10 | 6 | 15 | SE/4 NE/4     | 40.00  |
|    |   |    | NE/4 SE/4     | 40.00  |
| 10 | 6 | 19 | SW/4 NE/4     | 40.00  |
|    |   |    | SE/4 NE/4     | 40.00  |
|    |   |    | NW/4 SE/4     | 40.00  |
|    |   |    | SE/4 SW/4     | 40.00  |
| 10 | 6 | 23 | NE/4          | 160.00 |
|    |   |    | N/2 SE/4      | 80.00  |
| 10 | 6 | 25 | N/2 SW/4      | 80.00  |
|    |   |    | NW/4 SE/4     | 40.00  |
| 10 | 6 | 27 | N/2 NW/4      | 80.00  |
| 10 | 6 | 29 | NE/4 NW/4     | 40.00  |
|    |   |    | NW/4 NE/4     | 40.00  |
|    |   |    | W/2 SW/4      | 80.00  |
| 10 | 6 | 33 | W/2           | 320.00 |
|    |   |    | SW/4 NE/4     | 40.00  |
|    |   |    | NW/4 SE/4     | 40.00  |
| 10 | 6 | 35 | SE/4 SW/4     | 40.00  |
|    |   |    | NW/4 SE/4     | 40.00  |
|    |   |    | NE/4 SE/4     | 40.00  |
|    |   |    | E/2 NE/4      | 80.00  |
|    |   |    | N/2 SW/4      | 80.00  |
|    |   |    | SW/4 SW/4     | 40.00  |
| 10 | 7 | 1  | E/2 NW/4      | 80.47  |
| 10 | 7 | 7  | S/2 NW/4      | 47.03  |
| 10 | 7 | 11 | NW/4 SW/4     | 40.00  |
|    |   |    | SW/4 SW/4     | 40.00  |
|    |   |    | SE/4 SW/4     | 40.00  |
|    |   |    | NE/4 SW/4     | 40.00  |
|    |   |    | NW/4 SE/4     | 40.00  |
|    |   |    | SW/4 SE/4     | 40.00  |
| 10 | 7 | 15 | SW/4 NE/4     | 40.00  |

EXHIBIT C


28479

# DEED 2007- 03434

Send Tax Statement To:
Louis and Shannon Froud
1520 E. Booth
Searcy, AR 72143

CERTIFICATE OF RECORD
STATE OF ARKANSAS COUNTY OF WHITE
I CERTIFY THAT THIS INSTRUMENT WAS FILED FOR RECORD
AND IS RECORDED AS STAMPED HEREON.
DATE 3-7-07  TIME 3:45 pm
BOOK _____ PAGE _____
TAM KING, WHITE COUNTY CIRCUIT CLERK
_____ D.C.

# WARRANTY DEED
## (INDIVIDUAL)

### KNOW ALL MEN BY THESE PRESENTS:

That **ERNESTO VEGA and MARIA ELENA VEGA**, husband and wife, hereinafter called GRANTORS for and in consideration of the sum of Ten dollars and Zero cents and other good and valuable consideration paid by LOUIS FROUD and SHANNON FROUD, husband and wife, the receipt of which is hereby acknowledged, do hereby grant, bargain, sell and convey unto **LOUIS FROUD and SHANNON FROUD, husband and wife**, hereafter called GRANTEES, and unto their heirs and assigns forever, the following described property situate in the County of White, State of Arkansas, to-wit:

### SEE ATTACHED EXHIBIT "A"

TO HAVE AND TO HOLD  The same unto the GRANTEES and unto their heirs and assigns forever, with all appurtenances thereunto belonging.  And we hereby covenant with GRANTEES that we will forever warrant and defend the title to the property against all lawful claims whatever.

WITNESS our hands this 28 day of February, 2007.

_____       _Ernesto Vega_____
                                        ERNESTO VEGA

_____       _M. Elena Vega_____
                                        MARIA ELENA VEGA


ARKANSAS DOCUMENTARY $220  400810
ARKANSAS DOCUMENTARY $220  400809


ARKANSAS DOCUMENTARY $82.50  511711


ARKANSAS DOCUMENTARY $5.50  403149

34121

# DEED 2007-    03435

## ACKNOWLEDGMENT

State of _California_

County of _Ventura_

BE IT REMEMBERED, that on this day came before, the undersigned, a Notary Public within and for the County and State aforesaid, duly commissioned and acting  ERNESTO VEGA and MARIA ELENA VEGA, husband and wife to me well known as the GRANTORS in the foregoing Deed, and stated that they had executed the same for the consideration and purposes therein mentioned and set forth.

WITNESS my hand and official seal this _28_ day of _February_____, 2007.

_____
Notary Public

My commission expires _3/10/2010_____

I certify under penalty of false swearing that at least the legally correct amount of documentary stamps have been placed on this instrument.

_____        _120 N. Spring St. Searcy, AR 72143_
Grantee or Agent                  Grantee's Address

Prepared under the supervision of:  Michelle Harkey, Attorney at Law, 120 N Spring Searcy AR  72143



JOHN ANTHONY MAGGIO
Commission # 1650487
Notary Public - California
Ventura County
My Comm. Expires Mar 10, 2010

**DEED 2007-    03436**

## EXHIBIT "A"

TRACT 2:

THE NORTH HALF OF THE SOUTHEAST QUARTER OF THE NORTHEAST QUARTER (N ½ SE ¼ NE ¼) OF SECTION NINE (9), TOWNSHIP NINE (9) NORTH, RANGE SIX (6) WEST.

AND

A PART OF THE SOUTH HALF OF THE SOUTHEAST QUARTER OF THE NORTHEAST QUARTER (PT. S ½ SE ¼ NE ¼) OF SECTION NINE (9), TOWNSHIP NINE (9) NORTH, RANGE SIX (6) WEST, MORE PARTICULARLY DESCRIBED AS FOLLOWS, TO-WIT: BEGINNING AT THE NORTHEAST CORNER OF THE SAID SOUTH HALF OF THE SOUTHEAST QUARTER OF THE NORTHEAST QUARTER (S ½ SE ¼ NE ¼) AND RUN THENCE SOUTH 33 FEET; THENCE WEST 330 FEET; THENCE SOUTH 198 FEET; THENCE WEST 550 FEET; THENCE SOUTH 99 FEET; THENCE WEST 440 FEET TO THE WEST LINE OF THE SAID SOUTH HALF OF THE SOUTHEAST QUARTER OF THE NORTHEAST QUARTER (S ½ SE ¼ NE ¼); THENCE NORTH ALONG SAID WEST LINE, 330 FEET; THENCE EAST 1320 FEET TO THE POINT OF BEGINNING.

TRACT 3:

THE NORTHEAST QUARTER OF THE NORTHEAST QUARTER (NE ¼ NE ¼) OF SECTION NINE (9), TOWNSHIP NINE (9) NORTH, RANGE SIX (6) WEST, LESS AND EXCEPT THE FOLLOWING DESCRIBED THREE (3) TRACTS, TO-WIT:

THE SOUTH 208.70 FEET OF THE EAST 208.70 FEET THEREOF.
THE WEST 275.00 FEET THEREOF.
COMMENCING AT THE SOUTHEAST CORNER OF THE SAID NORTHEAST QUARTER OF THE NORTHEAST QUARTER (NE ¼ NE ¼) AND RUN THENCE NORTH 00 DEGREES 00 MINUTES 37 SECONDS EAST, 676.66 FEET FOR THE POINT OF BEGINNING; THENCE SOUTH 88 DEGREES 51 MINUTES 26 SECONDS WEST, 240.00 FEET; THENCE NORTH 00 DEGREES 00 MINUTES 37 SECONDS EAST 635.00 FEET; THENCE NORTH 88 DEGREES 51 MINUTES 26 SECONDS EAST, 240.00 FEET; THENCE SOUTH 00 DEGREES 00 MINUTES 37 SECONDS WEST, 635.00 FEET TO THE POINT OF BEGINNING.

ALL OF THE ABOVE BEING SUBJECT TO ALL EXISTING EASEMENTS AND RIGHT OF WAYS FOR ROADS AND OTHER PURPOSES.

EXHIBIT D

RELEASE DEED                    LOAN NO: 3289

KNOW ALL MEN BY THESE PRESENTS:

That in consideration of the full payment of all indebtedness mentioned in a certain First Farm Mortgage in the sum of $1000.00, dated the 23rd day of May, 1919, and Amortization Record
recorded in Book 1 at page 10, in the office of the Recorder of Deeds in and for White County, State of Arkansas, and executed by H. A. MOORE and MOLLIE B. MOORE, his wife in favor of THE FEDERAL LAND BANK OF ST. LOUIS, a corporation, the lien created therein is hereby released and discharged in full.

IN WITNESS WHEREOF, THE FEDERAL LAND BANK OF ST. LOUIS, a corporation, by J. M. HOUSTON, its VICE President, has hereunto subscribed its name and affixed its corporate seal this 2nd day of June, 1936.

THE FEDERAL LAND BANK OF ST. LOUIS

BY   J. M. HOUSTON
     Vice President.

Attest:

R. B. Harris
Asst. Secretary.

ACKNOWLEDGMENT

STATE OF MISSOURI }
                  } SS.
CITY OF ST. LOUIS }

ON this 2nd day of June, 1936, before me, Ella Doerschlen, a Notary Public, duly commissioned, qualified and acting within and for the said City and State, appeared in person the within named J. M. Houston and B. B. Harris to me personally well known, who stated that they were the Vice President and Asst. Secretary of THE FEDERAL LAND BANK OF ST. LOUIS, a corporation, and were duly authorized in their respective capacities to execute the foregoing instrument for and in the name and behalf of the said corporation, and further stated and acknowledged that they had so signed, executed and delivered the said foregoing instrument for the consideration, uses and purposes therein mentioned and set forth.

IN TESTIMONY WHEREOF, I have hereunto set my hand and official seal this 2nd day of June 1936.

My Commission expires July 25, 1937                Ella Doerschlen
                                                   Notary Public

A true copy of the original filed for record this the 6th day of June 1936.

By  Barney King  D. C.                             C. L. Fisher, Clerk


                    DEED                          NO. 15268

THIS DEED, Made and entered into this day between L. W. BALDWIN AND GUY A. THOMPSON as Trustee, MISSOURI PACIFIC RAILROAD COMPANY, Debtor, and MISSOURI PACIFIC RAILROAD COMPANY, and GUARANTY TRUST COMPANY OF NEW YORK and BENJAMIN F EDWARDS, Trustees under the First and Refunding Mortgage dated April 2, 1927, of Missouri Pacific Railroad Company, parties of the first part, and S. H. Bridges, of Judsonia, Arkansas party of the second part,

WITNESSETH, That for and in consideration of the sum of Sixty and no/100 Dollars by the said party of the second part to the said parties of the first part in hand paid r eceipt of which is hereby acknowledged, the said L. W. Baldwin and Guy A. Thompson, Trustees as aforesaid, pursuant to the powers vested in them under Orders No. 18, 40 and 57 in the case of Missouri Pacific Railroad Company, Debtor, in the United States District Court for the Eastern Division, Eastern District of Missouri, do hereby grant, sell and convey unto the said party of the second part, his heirs and assigns, the f following described Real Estates, situated in the county of White State of Arkansas, and being more particularly described as follows, to-wit:

The Southeast Quarter of the Northeast Quarter, of Section Nine (9) in Township nine (9), of RangeSix (6) West,

containing, according to United States Survey forty Acres, more or less; reserving, however, to the said Missouri Pacific Railroad Company and to the said Trustees, Missouri Pacific Railroad Company, Debtor, and each of their successors and assigns, a right of way one hundred (100) feet wide, where the track of said Railroad Company or its branches has been or may be laid over said lands; also reserving to the said Missouri Pacific Railroad Company and to the said Trustees, Missouri Pacific Railroad Company, Debtor, and each of their successors and assigns, all the minerals, lime, in or under the said land or any part thereof, together with the right to enter upon said land, or any part thereof, and explore, dig, mine or drill for and remove minerals supposed to be in, upon or under the said land, or any part thereof, and to erect, place, use, occupy and enjoy upon said land or any part thereof, such roads and ways, structures, buildings, pipe lines, tools, implements or machinery as may be proper, necessary or

222

Missouri Pacific Railroad Company, Debtor, one of the parties of the first part, do hereby covenant, promise and agree to and with the said party of the second part, his heirs and assigns, that they will warrant and forever defend the said land, and appurtenances thereof, unto the said party of the second part, his heirs and assigns, against all and every person or persons whomsoever lawfully claiming the same or any part thereof, by, through or under them, except as against taxes levied and assessed upon said land for the year 1934 and subsequent years.

And the said Missouri Pacific Railroad Company does hereby remise, release and forever quitclaim unto the said party of the second part, and unto his heirs and assigns forever, all right, title and interest in and to the said land hereby conveyed; and the Guaranty Trust Company of New York, and Benjamin F. Edwards, as Turstees aforesaid, do hereby remise, release and forever quitclaim unto the said party of the second part, and unto his heirs and assigns, all right, title and interest held by them as Trustees under the mortgage aforesaid, in and to the said land hereby conveyed, whether for themselves or intrust for others; not b ing, however, in any manner responsible for the title to said lands.

IN WITNESS WHEREOF, the said L. W. Baldwin and Guy A. Thompson as Trustees, Missouri Pacific Railroad Company, Debtor, have hereunto set their hands, and the Missouri Pacific Railroad Company has caused its corporate name to be hereunto subscribed, and its corporate seal hereto affixed, and duly attested, and Guaranty Trust Company of New York, as one of the Trustees, has caused its corporate name to be hereunto subscribed, and its corporate seal hereto affixed and duly attested, and Benjamin F. Edwards, as the other Trustee aforesaid, has hereunto set his hand and seal, this 30th day of November, 1934.

<div style="text-align:right">

L. W. Baldwin

Guy A. Thompson
Trustees, Missouri Pacific Company, Debtor

MISSOURI PACIFIC RAILROAD COMPANY

BY   L. W. BALDWIN
                        President

GUARANTY TRUST COMPANY OF NEW YORK, TRUSTEE,

BY      ARTHUR E. BURKE
           Corporate Trust Officer

BENJAMIN F. EDWARDS   TRUSTEE

</div>

Recommended:

C. B. SMITH

ATTEST:   A. T. COLE

ATTEST:  F. H. KUHN
Assistand Secretary

STATE OF MISSOURI,}
                                    ss.
CITY OF ST. LOUIS }

On this 29th day of January, 1935, before me, the undersigned Notary Public, duly commissioned, qualified and acting within and for the said City and State, appeared in person the within named L. W. Baldwin and Guy A. Thompson, personally known to me to be the duly appointed, qualified and acting Trustees of Missouri Pacific Railroad Company, Debtor, by appointment of the Judge of the United States District Court for the Eastern Divison of the Eastern Districtoof Missouri, and personally known to me to be the same persons whose names are subscribed to the foregoing instrument and severally acknowledged that as such Trustees they signed and delivered the said instrument as their free and voluntary act and as the fees and voluntary act of Missouri Pacific Railroad Company,.Debtor, for the consideration, uses and purposes therein mentioned and set forth.

In Testimony Whereof, I have hereunto set my hand and official seal this 29 day of January, 1935.

My Commission will expire June 26, 1937.        Geo. W. Collins
                                                                              Notary Public

STATE OF MISSOURI,}
                                    ss.
CITY OF ST. LOUIS,}

On this 29th day of January, 1935, before me, the undersigned Notary Public, duly commissioned, qualified and acting, within and for the said City and State, appeared in person the within named L. W. Baldwin and A. T. Cole, to me will known, who stated that they were the President and Asst. Secretary of Missouri Pacific Railroad Company, a corporation, and were fully authorized in their respective capacities to execute the foregoing instrument for and in the name and behalf of said corporation, and for the consideration, uses and purposes therein mentioned and set forth.

In Testimony Whereof, I have hereunto set my hand and official seal this 29 day of January, 1935.

My Commission will expire June 26, 1937              Geo. W. Collins
                                                                              Notary Public

STATE OF NEW YORK,}

EXHIBIT E

Guaranty Trust Company of New York, a corporation, and were duly authorized in their respective capacities to execute the foregoing instrument for and in the name and behalf of said Guaranty Trust Company of New York, as one of the Trustees under the mortgage of Missouri Pacific Railroad Company in said deed mentioned and referred to, and further stated and acknowledged that they had so signed, executed and delivered said foregoing instrument for the consideration, uses and purposes therein mentioned and set forth.

In Testimony Whereof, I have hereunto set my hand and official seal this 29th day of March, 1935.

My Commission will expire                           W. J. Burnham
                                                        Notary Public

W. J. Burnham Notary Public,
N. Y. Co. Clerk's No. 662 Reg. No. 6-B 861
Certificate filed in Westchester County
Certificate filed in Nassau County C&B 46
Commission expires March 30, 1936.


STATE OF MISSOURI,}
                   } ss.
CITY OF ST. LOUIS.}

On this 6th day of April, 1935, before me, the undersigned Notary Public, within and for the City of St. Louis, and State aforesaid, personally appeared Benjamin F. Edwards, who is personally known to me, and known to me to the the indentical person whose name is subscribed to the foregoing instrument as the other Trustee under the mortgage of Missouri Pacific Railroad Company in said deed mentioned and referred to, and the said Benjamin F. Edwards then and there stated and acknowledged to me that he had executed the same, as such Trustee, for the consideration and purposes therein mentioned and set forth, and I do hereby so certify.

In Witness Whereof, I hereunto set my hand as such Notary Public, and affix my official seal in said city of St. Louis, in the State aforesaid, this 6th day of April, 1935.

My Commission will expire Oct 5, 1935            F. J. C. Sattell
                                                        Notary Public

A true copy of the original filed for record this 6th day of June 1936.

By  Barney King  D. C.                          O. L. Fisher, Clerk


## DEED                                            NO. 15296

THIS DEED, Made and entered into this day Between L. W. BALDWIN and GUY A. THOMPSON as Trustees, MISSOURI PACIFIC RAILROAD COMPANY, Debtor, and MISSOURI PACIFIC RAILROAD COMPANY, and MANUFACTURERS TRUST COMPANY, successors to GUARANTY TRUST COMPANY OF NEW YORK, AND BENJAMIN F. EDWARDS, Trustees under the First and Refunding Mortgage dated April 2, 1917, of Missouri Pacific Railroad Company, parties of the first part, and S. H. Bridges of Judsonia, Arkansas party of the second part,

WITNESSETH, That for and in consideration of the sum of One hundred and no/100 Dollars, by the said party of the second part to the said part of the said parties of the first part in hand paid, receipt of which is hereby acknowledged, the said L. W. Baldwin and Guy A. Thompson, Trustees as aforesaid, pursuant to the powers vested in them under Orders No. 18, 40 and 57 in the case of Missouri Pacific Railroad Company, Debtor, Number 6935, in the United States District Court for the Eastern Division, Eastern District of Missouri, do hereby grant, sell and convey unto the said party of the second part, his heirs and assigns, the following described Real Estate, situated in the County of White, State of Arkansas, and being more particularly described as follows, to wit:

the Northeast Quarter of the Northeast Quarter of Section Nine (9), in Township Nine (9) North, of Range Six (6) West,

```
**************
*  Fifty cents *
*  Revenue    *
*  Stamp      *
* Paid        *
*             *
*             *
**************
```

containing, according to United States Survey forty Acres, more or less; reserving, however, to the said Missouri Pacific Railroad Company and to the said Trustees, Missouri Pacific Railroad Company, Debtor, and each of their successors and assigns, a right of way one hundred (100) feet wide, where the track of said Railroad Company or its branches has been or may be laid over said lands; also reserving to the said Missouri Pacific Railroad Company and to the said Trustees, Missouri Pacific Rail-

TO HAVE AND TO HOLD the same unto the said party of the second part, and to his heirs and assigns forever; and the said L. W. Baldwin and Guy A. Thompson as Trustees, Missouri Pacific Railroad Company, Debtor, one of the parties of the first part, do hereby covenant, promise and agree to and with the said party of the second part, his heirs and assigns, that they will warrant and forever defend the said lands, and appurtenances thereof, unto the said party of the second part, his heirs and assigns, against all and every person or persons whomsoever lawfully claiming the same or any part thereof, by, through or under them, the said Trustees, except as against taxes levied and assessed upon said land for the year 1935 and subsequent years.

And the said Missouri Pacific Railroad Company does hereby remise, release and forever quitclaim unto the said party of the second part, and unto his heirs and assigns forever, all right, title and interest in and to the said land hereby conveyed; and the said Manufacturers Trust Company successors to Guaranty Trust Company of New York, and Benjamin F. Edwards, as Trustees aforesaid, do hereby remise, release and forever quitclaim unto the said party of the second part, and unto his heirs and assign, all right, title and interest held by them as Trustees under the mortgage aforesaid, in and to the said land hereby conveyed, whether for themselves or int trust for others; not being, however, in any manner responsible for the title to said lands.

IN WITNESS WHEREOF, the said L. W. Baldwin and Guy A. Thompson as Trustees, Missouri Pacific Railroad Company, Debtor, have hereunto set their hands, and the Missouri Pacific Railroad Company has caused its corporate name to be hereunto subscribed, and its corporate seal hereto affixed, and duly attested, and Manufacturers Trust Company, as one of the Trustees, has caused its corporate name to be hereunto subscribed, and its corporate seal hereto affixed and duly attested, and Benjamin F. Edwards, as the other Trustee aforesaid, has hereunto set his hand and seal, this 1st day of June, 1935.

<div style="text-align:right">

L. W. Baldwin

Guy A. Thompson
Trustees, Missouri Pacific Railroad Company, Debtor.

M ISSOURI PACIFIC RAILROAD COMPANY,  P

BY  L. W. Baldwin
President

MANUFACTURERS TRUST COMPANY, TRUSTEE,

BY  FREDERICK E. LOBER
Vice President

Benjamin F. Edwards   Trustee.

</div>

Recommended:

C. B. Smith
LAND COMMISSIONER

ATTEST:  A. T. COLE
ASSISTANT SECRETARY

ATTEST FRANK F. GAGLIANO
Asst. Secretary.

STATE OF MISSOURI, ) ss.
City of St. Louis. )

On this 4 day of December, 1935, before me, the undersigned Notary Public, duly commissioned, qualified and acting, within and for the said City and State, appeared in person the within named L. W. Baldwin and Guy A. Thompson, personally known to me to be the duly appointed, qualified and acting Trustees of Missouri Pacific Railroad Company, Debtor, by appointment of the Judge of the United States District Court for the Eastern Divison of the Eastern District of Missouri, and personally known to me to be the same persons whose names are subscribed to the foregoing instrument and severally acknowledged that as such Trustees they signed and delivered the said instrument as their free and voluntary act and as the free and voulntary act of Missouri Pacific Railroad Company, Debtor, for the consideration, uses and purposes therein mentioned and set forth.

In Testimony Whereof, I have hereunto set my hand and official seal this 4 day of December, 1935.

My Commission will expire Feby 27 1939          W. Jenkins
                                                Notary Public

STATE OF MISSOURI, )
                   ) ss.
City of St. Louis. )

On this 4 day of December , 1935, before me, the undersigned Notary Public, duly commissioned, qualified and acting, within and for the said City and State, appeared in perso  n the within named L. W. Baldwin and A. T. Cole, to me will known, who stated that they were the President and Assistant Secretary of Missouri Pacific Railroad Company, a corporation, and were duly authorized in their respective capacities to execute the foregoing instrument for and in the name and behalf of said corporation, and further stated and acknowledged that they had so signed, executed and delivered said instrument for the consideration, uses and purposes therein mentioned and set forth.

EXHIBIT F



For Release See Book ___ Page ___
Elva Daniel, Circuit Clerk
By ___ D.C.

# WARRANTY DEED   Bk 271 Pg 579

KNOW ALL MEN BY THESE PRESENTS:

That we, A. L. Martin and Esther Martin, husband and wife, each in his or her own right,

for and in consideration of the sum of Four Hundred and no/100 ------------

Dollars ($400.00) to us      in hand paid by   Pete Scoggs and Linda Scoggs, husband
and wife,                    hereinafter known as the GRANTEE

the receipt of which is hereby acknowledged and the further consideration of $ 1100.00
for which a vendor's lien is herein retained, evidenced by one promissory note of even date here-
with in the said sum of $1100.00      , with interest from date until paid at the rate of
6     percent per annum, payable as follows, to-wit: $ 1107.50    on the principal with
interest to the date of such payment on the entire unpaid principal balance    on or before
beginning   January 1, 1963,    and should default be made in the payment of any in-
stallment of principal or interest, for a period of       days, the entire debt, with
interest at the rate of       percent per annum until paid, shall become due and pay-
able at the option of the owner or holder hereof.   The maker(s) and endorser(s) waive notice, demand
and presentment and consent that time for payment may be extended without notice.   No delay in
the exercise of the option of acceleration shall be construed a waiver of such right, but it may be
exercised at any subsequent time during default. Maker(s) shall have the right to pay any multiple of
the installment at any installment payment, and GRANTEE    covenant    that    they
will keep all insurable improvements insured against loss by fire, with all other full coverage insur-
ance, loss payable clause to the use and benefit of the owner or holder of said note,

do hereby grant, bargain   sell and convey unto the said GRANTEE

and unto    their    heirs and assigns forever

the following lands lying in the County of White and State of Arkansas, to-wit:

The East half (½) of Northwest Quarter (NW¼), containing 80.57 acres,
more or less & North Half (N½) of Southwest Quarter (SW¼), containing
80.57 acres, more or less, all in Section 1, Township 10 North, Range 6
West.
Subject to all existing rights-of-ways or easements for roads or other
purposes.

To have and to hold the same unto the said GRANTEE    and unto

their    heirs and assigns forever, with the appurtenances thereunto belonging.
And,     we    hereby covenant with the said GRANTEE   and   their    heirs

and assigns, that    we    will forever warrant and defend the title to said lands against all
lawful claims whatever    .

And I, Esther Martin, wife of the said A. L. Martin,

for and in consideration of the said sum of money, do hereby release and relinquish unto the
said GRANTEE    and   their    heirs and assigns, all    my    right of dower
and homestead in and to said lands.   Witness   our   hand s   and seal s   on
this   17th.   day of   August   19 62.

A. L. Martin                    (SEAL)

Esther Martin                   (SEAL)

## ACKNOWLEDGMENT

STATE OF ARKANSAS,  
County of White—ss.

STATE OF ...................  
COUNTY OF ..................

On this the ...... day of ........., 19..., before me, ........ the undersigned officer, personally appeared ....................................................................... known to me (or satisfactorily proven) to be the person .... whose name .... .... subscribed to the within instrument and acknowledged that .. .... executed the same for the purposes therein contained.

In witness whereof I hereunto set my hand and official seal.

.............................................  
(Title of Officer)

My Commission Expires ...........................

## ACKNOWLEDGMENT

STATE OF ARKANSAS,  
County of White—ss.

STATE OF ...................  
COUNTY OF ..................

On this the ...... day of ........., 19..., before me, ........ the undersigned officer, personally appeared ....................................................................... known to me (or satisfactorily proven) to be the person .... whose name ....... subscribed to the within instrument and acknowledged that .. he.. executed the same for the purposes therein contained.

In witness whereof I hereunto set my hand and official seal.

.............................................  
(Title of Officer)

My Commission Expires ...........................

**WARRANTY DEED**

TO

STROTHER ABSTRACT COMPANY  
SEARCY, ARKANSAS

Filed for record on this ...... day of ........

Circuit Clerk and Ex-Officio Recorder

By ........................ D.C.

## ACKNOWLEDGMENT

STATE OF ARKANSAS,  
County of White—ss.

STATE OF ...................  
COUNTY OF ..................

On this the ...... day of ........., 19..., before me, ........ the undersigned officer, personally appeared ....................................................................... known to me (or satisfactorily proven) to be the person ...... whose name ....... subscribed to the within instrument and acknowledged that .. he.. executed the same for the purposes therein contained.

In witness whereof I hereunto set my hand and official seal.

.............................................  
(Title of Officer)

My Commission Expires ...........................

EXHIBIT G



WARRANTY DEED.

KNOW ALL MEN BY THESE PRESENTS::

That the Special School District of Searcy ( Commonly known as the Searcy Special School District) of White County, Arkansas by authority of an order of its Board of Directors, made July 8, 1941, for and in consideration of the sum of Forty Six Hundred and Ten and No/I00 Dollars to it in hand paid by Audley Bolton and Della Bolton his wife, of Searcy,Arkansas the receipt whereof is hereby acknowledged does hereby grant, bargain, sell and convey Audley Bolton and Della Bolton, as joint tenants and not as tenants in common, and unto their heirs and assigns forever the following lands in the County of White, and State of Arkansas, to wit::

The East Thirty Six (36) feet ( being a strip of even width) of Lot Twenty Two (22); All of Lots Thirty One (31), Thirty Two (32), Thirty Three (33), Thirty Four (34), Thirty Five (35) and Thirty Six (36) all in the original, town ( known as the Ten Acre Donation) of Searcy.Also a strip of land sixteen (18), feet wide, more or less, lying immediately North of and adjoining said lots Thirty Four (34), and Thirty Five (35), being a strip of land between said Lots 34 and 35, and Vine Street 224 feet long, more or less, East and West by I6 feet wide more or less, North and South.

To have and to hold the same unto the said Audley Bolton and Della Bonton as joint tenants and not as tenants in common, and unto their heirs and assigns forever. And it hereby covenants with the said Audley Bolton and Della Bonton, their heirs and assigns, that it will forever Warrrant and Defend the title to the said lands against all lawful claims whatsoever. Witness name and seal of the Special School District of Searcy ( Commonly known as Searcy Special School District) by its President and attested by its Secretary who are duly authorized by its Board of Directors so to do, this 9th day of July, A D, 1941.

                          SPECIAL SCHOOL DISTRICT OF SEARCY OF
                          White, County, Arkansas( Commonly called Searcy
                                            Special School Dist)

ATTEST:: A P, Strother
        Secretary .                        By H. K. Wood
                                               President.

                ((   $ 5.50 Revenue Stamps))
                      Paid  8-18-41.

                       ACKNOWLEDGMENT.

STATE OF ARKANSAS.
                   SS.
COUNTY OF WHITE.

ON this 9th day of July 1941, before me, a Notary Public, duly commissioned qualified and acting within and for the said County and State, appeared in person the within na med H K Wood, President and A P. Strother, Secretary respectively of the Special School District of Searcy, White County, Arkansas, ( Commonly called Searcy Special School District, who stated that they were the President and Secretary respectively of said School District , a body corporate, and that they were duly authorized and in the respective capacity to execute the foregoing instrument for and in the name and behalf of said School District, and further stated and acknowledged that they had so signed, executed and delivered the said foregoing instrument for the consideration, uses and purposes therein set forth. In Testimony Whereof, I have hereunto set my hand and official seal this 9th day of July, 1941.
My Comm Expires December I3, 1942.              Frank Leavitt.

A true copy of the original, filed for record on this the I8th day of August, 1941.

By   Ernest Waller              D, C.          Grafton Thomas,
                                               Cir-Clerk & Recorder.


                       DEED          NO.15495

    THIS DEED, Made and entered into this day between Guy A.Thompson as Trustee, Missouri Pacific Railroad Company, Debtor, and Missouri Pacific Railroad Company, and Manufacturers Trust Company, successor to Guaranty Trust Company of New York, and Benjamin F. Edwards, Trustees under the First and Refunding Mortgage dated April 2,1917, of Missouri Pacific Railroad Company, parties of the first part, and William Wood party of the second part,
    WITNESSETH, That for and in Consideration of the sum of One Hundred Sixty and no/100 Doll ars by the said party of the second part to the said parties of the first part in hand paid, receipt of which is hereby acknowledged, the said Guy A Thompson, Trustee, as aforesaid pursuantto the powers vested in him under Orders No.18,416 And 407 in the case of Missouri Pacific Railroad Company, Debtor, Number 8035, in the United States District Court for the Eastern Division , Eastern District Of Missouri, do hereby grant, sell and convey unto the said party of the second part, his heirs and assigns, the following described Real Estate, situated in the County of White, State of Arkansas, and being more particularly described as follows, to-wit:

    East Half of Northwest Quarter of Section One (1), Township Ten (I0) North, Range Seven (7) West, excepting all existing roads, easements and rights of way as now located on and / or across part of said land, containing, according to United States Survey, eighty and forty seven one hundredths (80.47) acres, more or less; reserving, however, to the said Missouri Pacific Railroad Company and to the said Trustee, Missouri Pacific Railroad Company, Debtor, and each of the Teheir successorss and assigns, all the minerals, upon in or under the said land or any part thereof, together with the right to enter upon said land, or any part thereof, and explore, dig, mine or drill for and remove minerals supposed to be in, upon or under the said land or any part thereof, and to erect, place, use, occupy and enjoy upon said land or any part thereof, such roads and ways, structures, buildings, pipe lines, tools, imprements or machinery as may be proper, necessary or conveninnt in or about the exploring, digging, mining or drilling for or removal of any minerals, without any claim for damages on behalf of said second party or assigns.

TO HAVE AND TO HOLD the same unto the said party of the second part, and to his heirs and assigns forever; and the said Guy A. Thompson as Trustee, Missouri Pacific Railroad Company, Debtor, one of the parties of the first part, does hereby covenant, promise and agree to and with the said party of the second part, his heirs and assigns, that he will warrant and forever defend the said lands, and appurtenances thereof, unto the said party of the second part, his heirs and assigns, against all and every person or persons whomsoever lawfully claiming the same or any part thereof, by, through or under him, the said Trustee, except as against taxes levied and assessed upon said land for the year 1940 and subsequent years.

And the said Missouri Pacific Railroad Company does hereby remise, release and forever quit-claim unto the said party of the second part, and unto his heirs and assigns forever, all right, title and interest in and to the said land hereby conveyed ; and the said Manufacturers Trust Compan, successor to Guaranty Trust Company of New York and Benjamin F.Edwards as Trustees aforesaid do hereby remise, release and forever quitclaim unto the said party of the second part, and unto his heris and assigns, all right, title and interest held by them as Trustees under the mortgage aforesaid, in and to the said land hereby conveyed, whether for themselves or in trust for others; not being, however, in any manner responsible for the title to said lands.

IN WITNESS WHEREOF, the said Guy A.Thompson as Trustee, Missouri Pacific Railroad Company, Debtor, has hereunto set his hand, and the Missouri Pacific Railroad Company has caused its corporate name to be hereunto subscribed, and its corporate seal hereto affixed, and duly attested; and Manufacturers Trust Company, as one of the Trustees, has caused its corporate name to be hereunto subscribed, and its corporate seal hereto affixed and duly attested, and Benjamin F.Edwards, as the other Trustee aforesaid, has hereunto set his hand and seal, this 9th day of November, 1940.

Recommended C.W Happ, Land Commissioner 　　　　Guy A. Thompson
　　　　　　　　　　　　　　　　　　　　　　　Trustee, Missouri Pacific Railroad Company, Debtor

Attest : A.T.Cole, Assistant Secretary 　　　　MISSOURI PACIFIC RAILROAD COMPANY,

　　　　　　　　　　　　　　　　　　　　　　　By, L W.Baldwin, President

　　　　　　　　　　　　　　　　　　　　　　　MANUFACTURERS TRUST COMPANY, TRUSTEE

Attest: A.F.Keuthen, Assistant Secretary 　　　By, P.E.Lober, Vice President

　　　　　　　　　　　　　　　　　　　　　　　Benajamin F.Edwards, Trustee

STATE OF MISSOURI 　) SS
CITY OF ST. LOUIS 　)
　　On this 17 day of January, 1941, before me, the undersigned, Notary Public, duly commissioned, qualified and acting, within and for the said City and State, appeared in person the within named Guy A.Thompson, personally known to me to be the duly appointed, qualified and acting Trustee of Missouri Pacific Railroad Company,　Debtor, by appointment of the Judge of the United States District Court for the Eastern Division of the Eastern District of Missouri, and personally known to me to be the same person whose name is subscribed to the foregoing instrument and acknowledged that as such Trustee he signed and delivered the said instrument as his free and voluntary act and as the free and voluntary act of Missouri Pacific Railroad Company, Debtor for the consideration, uses and purposes therein mentioned and set forth.
In Testimony Whereof, I have hereunto set my hand and official seal this 17th day of January, 1941.

　　My Comm Expires Feby 27, 1943.　　　　　　　W. H. Jenkins
　　　　　　　　　　　　　　　　　　　　　　　Notary Public.
STATE OF MISSOURI.
　　　　　　　　SS.
CITY OF ST. LOUIS.
On this 17th day of January, 1941, before me, the undersigned Notary Public, duly commissioned, qualified and acting, within and for the said County city and State, appeared in person the within named L. W Baldwin and A. T. Cole, to me well known, who stated that they were the President and Assistant Secretary of Missouri Pacific Railroad Company a Corporation, and were duly authorized in their respective capacities to execute the foregoing instrument for and in the name and behalf of said corporation, and further stated and acknowledged that they had so signed executed and delivered the said foregoing instrument for the consideration, uses and purposes therein mentioned and set forth.
In Testimony Whereof, I have hereunto set my hand and official seal this 17th day of January, 1941.

　　My Comm Expires Feb 27, 1943.　　　　　　　W. Jenkins
　　　　　　　　　　　　　　　　　　　　　　　Notary Public.
STATE OF NEW YORK.
　　　　　　　　SS.
COUNTY AND CITY OF NEW YORK.

On this 29th day of January, 1941, before me, the undersigned Notary Public, duly commissioned, qualified, and acting, within and for the said City and State , appeared in person the within named, P. E. Lober and A. F. Keuthen, to me personally well known, who sated that they were the Vice President and Assistant Secretary of Manufacturers Trust Company, a Corporation, and were duly authorized in their respective capacities to execute the foregoing instrument for and in the name and behalf of said Manufacturers Trust Company, as one of the Trustees under the mortgage of Missouri Pacific Railroad Company in said Deed mentioned and referred to and further stated and acknowledged that they had so signed, executed and delivered the said foregoing instrument for the consideration, uses and purposes therein mentioned and set forth.
In Testimony Whereof, I have hereunto set my hand and official seal this 29th day of January, 1941.

　　　　　　　　　　　　　　　　　　　　　　　R. Wilsonias
　　　　　　　　　　　　　　　　　　　Notary Public, Notary Public, NW, Co No
　　　　　　　　　　　　　　　　　　　348, Reg N 2.,480, Cert filled Kings Co
　　My Comm Expires ---------------　　　No 193, R g No 2336 Cert filled in Queens
　　　　　　　　　　　　　　　　　　　Co No 1044 Reg No 2406, Commissions Exp
　　　　　　　　　　　　　　　　　　　March, 30, 1942.
STATE OF MISSOURI
　　　　　　　　SS.
CITY OF ST. LOUIS..

On this 10th day of March, 1941, before me, the undersigned a Notary Public , within and for the

City of St. Louis, and State aforesaid, personally appeared Benjamin F. Edwards, who is
personally known to me, and known to me to be the identical person whose name is subscribed
to the foregoing instrument as the other Trustee under the mortgage of Missouri Pacific
Railroad Company in said deed mentioned and referred to, and the said B$_a$njamin P. Edwards,
then and there stated and acknowledged to me that he had executed the same, as such Trustee,
for the consideration and purposes therein mentioned and set forth, and I do hereby so certify.
In Witness Whereof, I hereunto set my hand as such Notary Public and affix my official seal in
said City of St. Louis, in the State aforesaid, this 10th day of March, 1941.

My $\underline{\text{Commm}}$ E$_x$pires October 6, 1943.                    F. J. C. Sattell.
                                                        Notary Public.

A true copy of the original, filed for record on this the 18th day of August, 1941.

By   _Forrest Walker_              D. C.            Grafton Thomas.
                                                        Clerk & Recorder.

                              WARRANTY DEED.

THIS INDENTURE, Made this twenty seventh day of June, in the year of our Lord one thousand
Nine hundred and forty one, between J. F. Gobbel and Beulah Gobbel, his wife, parties of the
first part, and Guion Steward and Hazel Steward, his wife, parties of the second part,
Witnesseth, that the said parties of the first part, for and in consideration of the sum of
O$_n$e dollar ($ 1.00) and other good and valuable consideratio s to them, in hand paid
by the said parties of the second part, the receipt where of is hereby confessed and acknowledg
ed, do by these presents, grant, bargain, sell ,remise, release, alien and confirm
unto the said parties of the second part, and their heirs and assigns, forever, all
that certain piece or parcel of land situate and being in the Township of Clay, county
of White and State of A$_r$kansas, and described as follows, to wit:

Southeast Quarter (SE$\frac{1}{4}$) of the Northwest Quarter (NW$\frac{1}{4}$) of S$_e$ction S$^e$venteen (17), Township
Nine (9) North, Range Seven (7) West, containing 40 acres, more or less,

Together with all and singual the hereditaments and appurtenances thereunto belonging or in
anywise appertaining, To have and to hold the said premises, as herein described, with the
appurtenances, unto the said parties of the second part, and to their heirs and assigns,
forever, and the said J. F. Gobbel and Beulah Gobbel, his wife parties of the first part,
and their heirs, executors and administrators, do covenant, grant, bargain, and agree to and
with the said parties of the second parties heirs and assigns, that at the time of the enseali
ng and delivery of thse presents they are well seized of the above granted premises in
fee simple; that they are free from all incumbrances whatever except such if any, as are ex
cepted from the covenant following and that they will and their heirs, executors,
administrators, shall warrant and defend the same against all lawful claims whatsoever,
except Taxes and special assessments due and payable after September 19th, 1938.
In Witness whereof the said parties of the first part have hereunto set their hads and their
seals the day and year first above written.

Signed, Sealed and delivered in presence of Loretta Wood              John F. Gobbel

                                        Ross D. Wolcott              Beulah Gobbel


STATE OF MICHIGAN..
            SS.
COUNTY OF IAKLAND.
On this 27th day of June, in the year one thousand nine hundred and forty one , before me, a
Notary Public, in and for the said County, personally appeared J. F. Gobbel and Beulah Gobbel,
his wife, to me known to be the same persons described in and who executed the within
instrument, who then acknowledged the same to be their free and act and deed.

My Comm E$_x$pires January 2, 1943.                    Ross D. Wolcott.
                                                Notary Public Oakland County, Michigan

I, Lynn D. Allen, Clerk of the County of Oakland, and of the Circuit Court of said County, the
same being a court of Record having by law a seal do hereby certify, that Ross D. Wolcott,
before whom the foregoing was taken and who subscribed his name to the certificate of
proof or acknowledgedment of the annexed instument was, at the time of taking such proof,
acknowledgment of affidavit, a Notary Public, No 5140, in and for the said County and
residing therein, duly commissioned and sworn and authorized by the laws of said State to
take and certify affidavits and the acknowledgment or proof of deeds or other written
instruments to be recorded in said State, and further that I am awll acquainted with the hand
w riting of such Ross D. Wolcott and verily believe the signature of said certificate of proof
acknowledgment or affidavit, is his genuine signature.
In Witness Whereof, I have hereunto set my hand and seal at Pointiac, Michigan, this 28th
day of June, 1941.

                                        Lynn D' Allen.
                                        County Clerk.

A true copy of the original, filed for record on this the 19th day of August, 1941.

By   _Forrest Walker_   D.C.                Grafton Thomas,
                                                Clerk & R$^e$corder.

EXHIBIT H

This instrument Prepared by:
Wilson & Associates, P.A.
Attorneys at Law
1521 Merrill Drive, Suite D-220
Little Rock, Arkansas 72211
(501) 223-0949
221-1331

County of WHITE

I hereby certify that this instrument was FILED FOR
RECORD and is RECORDED on the DATE and TIME
and in the BOOK and PAGE as stamped hereon.

DATE: *1-19-99*   TIME: *3:20 PM*

BOOK: *1999*   PAGE: *539*

ALICE BARKER
White County Circuit Clerk
Public Recorder White County
*Karen Dawson* D.C.

I certify under penalty of false swearing that at least the legally correct amount of documentary stamps
have been placed on this instrument. If none shown, exempt or no consideration paid.

Grantee or Agent: _Brett & Lynnda Mason_

Grantee's Address: _____

WARRANTY DEED
(married persons)

**1999**        **539**

KNOW ALL MEN BY THESE PRESENTS:

THAT WE, **JAMES B. DUNN** and **MELBA JEAN DUNN, HUSBAND AND WIFE,**

Grantors, for in consideration of the sum of Ten and No/100 Dollars ($10.00) and

other good and valuable consideration in hand paid by **BRETT H. MASON** and

**LYNNDA N. MASON, HUSBAND AND WIFE,** Grantees, the receipt of which is hereby

acknowledged, do hereby grant, bargain, sell and convey unto the said Grantees, and

unto their heirs and assigns forever, the following lands lying in the County of **WHITE**

and State of Arkansas, to-wit:

SEE ATTACHED EXHIBIT A

TO HAVE AND TO HOLD the same unto the said Grantees, and unto their heirs

and assigns forever, with all tenements, appurtenances and hereditaments thereunto

belonging.

And we hereby covenant with said Grantees that we will forever warrant and

defend the title to the said lands against all claims whatever.

And we for and in consideration of the said sum of money, do hereby release

and relinquish unto the said Grantees all of our right and possibility of curtesy, dower,

and homestead in and to the said lands.





WITNESS our hands and seals on this 6th day of **January, 1999.**

_____
JAMES B DUNN

_____
**MELBA JEAN DUNN**

1999 _____ 540

## ACKNOWLEDGMENT

STATE OF ARKANSAS)
                                    )ss.
COUNTY OF WHITE)

    This day personally appeared before me, the undersigned, a duly commissioned, qualified, and acting Notary Public, the within named **JAMES B DUNN** and **MELBA JEAN DUNN**, to me personally well-known, or proven to be, the persons named in the foregoing instrument, and acknowledged that they signed the same for the purposes therein mentioned and set forth.

    Witness my hand and notarial seal this _____ day of **January, 1999.**

OFFICIAL SEAL
KELLY RENEE HUNTSMAN
NOTARY PUBLIC - ARKANSAS
WHITE COUNTY
MY COMMISSION EXPIRES: 10-02-2007

My Commission Expires: _____

_____
                              Notary Public



**EXHIBIT A**

THE SOUTH HALF OF THE NORTHEAST QUARTER AND
THE NORTHEAST QUARTER OF THE NORTHEAST QUARTER OF SECTION 8,
TOWNSHIP 9 NORTH, RANGE 5 WEST.

THE SOUTHEAST QUARTER OF THE SOUTHEAST QUARTER OF SECTION 5,
TOWNSHIP 9 NORTH, RANGE 5 WEST, LESS AND EXCEPT THE FOLLOWING
DESCRIBED TRACT:  ALL THAT PART OF THE SOUTHEAST QUARTER OF THE
SOUTHEAST QUARTER LYING NORTH OF VELVET RIDGE ROAD.

THE SOUTH HALF OF THE SOUTHWEST QUARTER OF THE SOUTHEAST QUARTER
OF SECTION 5, TOWNSHIP 9 NORTH, RANGE 5 WEST, LESS AND EXCEPT THE
FOLLOWING DESCRIBED TRACT: ALL THAT PART OF THE SOUTH HALF OF THE
SOUTHWEST QUARTER OF THE SOUTHEAST QUARTER LYING NORTH AND WEST
OF VELVET RIDGE ROAD.

THE WEST HALF OF THE NORTHWEST QUARTER OF SECTION 9, TOWNSHIP 9
NORTH, RANGE 5 WEST, LESS AND EXCEPT THE FOLLOWING DESCRIBED TRACT:
ALL THAT PART OF THE SOUTHWEST QUARTER OF THE NORTHWEST QUARTER
LYING SOUTH AND EAST OF SUGAR CREEK.

EXHIBIT I

# DEED

BOOK 233 PAGE 261

No. 15268

THIS DEED, Made and entered into this day between GUY A. THOMPSON as Trustee, MISSOURI PACIFIC RAILROAD COMPANY, Debtor, and MISSOURI PACIFIC RAILROAD COMPANY, and MANUFACTURERS TRUST COMPANY, successor to GUARANTY TRUST COMPANY OF NEW YORK, and BENJAMIN F. EDWARDS, Trustees under the First and Refunding Mortgage dated April 2, 1917, of Missouri Pacific Railroad Company, parties of the first part, and

Conley H. Hanon .......................................................... part y.... of the second part,

WITNESSETH, That for and in consideration of the sum of ...............................................
Sixty and 00/100 ------------------------------------------------------Dollars,
by the said part y.... of the second part to the said parties of the first part in hand paid, receipt of which is hereby acknowledged, the said Guy A. Thompson, Trustee, as aforesaid, pursuant to the powers vested in him under Orders No. 18,416 and 407 in the case of Missouri Pacific Railroad Company, Debtor, Number 6935, in the United States District Court for the Eastern Division, Eastern District of Missouri, do hereby grant, sell and convey unto the said part y.... of the second part, ....his heirs ...................................... and assigns, the following described Real Estate, situated in the County of ........White .......................... State of Arkansas, and being more particularly described as follows, to wit:

Southeast Quarter of the Northeast Quarter of Section Eight (8), Township Nine

(9) North, Range Five (5) West,

FILED FOR RECORD
This the 6 day of March
1936 at 10:30 o'clock P.M
FRANK O'DONNELL
Clerk & Recorder
By Frank O'Donnell D.C.

containing, according to United States Survey ............forty (40) ......................................Acres, more or less; reserving, however, to the said Missouri Pacific Railroad Company and to the said Trustee, Missouri Pacific Railroad Company, Debtor, and each of their successors and assigns, all the minerals, upon in or under the said land or any part thereof, together with the right to enter upon said land, or any part thereof, and explore, dig, mine or drill for and recover minerals supposed to be in, upon or under the said land, or any part thereof, and to erect, place, use, occupy and enjoy upon said land or any part thereof, such roads and ways, structures, buildings, pipe lines, tools, implements or machinery as may be proper, necessary or convenient in or about the exploring, digging, mining or drilling for or removal of any minerals, without any claim for damages on behalf of said second part y..., or assigns.

TO HAVE AND TO HOLD the same unto the said part y...., of the second part, and to ..... his ...... heirs ..................... and assigns forever; and the said Guy A. Thompson as Trustee, Missouri Pacific Railroad Company, Debtor, one of the parties of the first part, does hereby covenant, promise and agree to and with the said part y.... of the second part, ....his heirs ........................................and assigns, that he will warrant and forever defend the said lands, and appurtenances thereof, unto the said part y....... of the second part, ...his heirs ..................and assigns, against all and every person or persons whomsoever lawfully claiming the same or any part thereof, by, through or under him, the said Trustee, except as against taxes levied and assessed upon said land for the year .........1940..............and subsequent years.

And the said Missouri Pacific Railroad Company does hereby remise, release and forever quitclaim unto the said part y...., of the second part, and unto ......his heirs ..................... and assigns forever, all right, title and interest in and to the said land hereby conveyed; and the said Manufacturers Trust Company, successor to Guaranty Trust Company of New York, and Benjamin F. Edwards, as Trustees aforesaid, do hereby remise, release and forever quitclaim unto the said part y.... of the second part, and unto ... his ...... heirs ..................and assigns, all right, title and interest held by them as Trustees under the mortgage aforesaid, in and to the said land hereby conveyed, whether for themselves or in trust for others; not being, however, in any manner responsible for the title to said lands.

IN WITNESS WHEREOF, the said Guy A. Thompson as Trustee, Missouri Pacific Railroad Company, Debtor, has hereunto set his hand, and the Missouri Pacific Railroad Company has caused its corporate name to be hereunto subscribed, and its corporate seal hereto affixed, and duly attested, and Manufacturers Trust Company, as one of the Trustees, has caused its corporate name to be hereunto subscribed, and its corporate seal hereto affixed and duly attested, and Benjamin F. Edwards, as the other Trustee aforesaid, has hereunto set his hand and seal, this ...2nd ............ day of ........March ............ 1940 ....

Recommended:

C W Roop

Guy A Thompson
Trustee, Missouri Pacific Railroad Company, Debtor.

MISSOURI PACIFIC RAILROAD COMPANY.

ATTEST:                                    By M. Thomas
                                                        President.

MANUFACTURERS TRUST COMPANY, TRUSTEE,

By O Robert
                    Vice President.

ATTEST:

Benjamin F. Edwards, TRUSTEE.

BOOK 233 PAGE 282

STATE OF MISSOURI, }
City of St. Louis. } ss.

On this 11 day of May, 1940, before me, the undersigned Notary Public, duly commissioned, qualified and acting, within and for the said City and State, appeared in person the within named Guy A. Thompson, personally known to me to be the duly appointed, qualified and acting Trustee of Missouri Pacific Railroad Company, Debtor, by appointment of the Judge of the United States District Court for the Eastern Division of the Eastern District of Missouri, and personally known to me to be the same person whose name is subscribed to the foregoing instrument and acknowledged that as such Trustee he signed and delivered the said instrument as his free and voluntary act and as the free and voluntary act of Missouri Pacific Railroad Company, Debtor, for the consideration, uses and purposes therein mentioned and set forth.

In Testimony Whereof, I have hereunto set my hand and official seal this 11 day of May, 1940.

My Commission will expire September 19, 1940.

[signature]
NOTARY PUBLIC.

STATE OF MISSOURI, }
City of St. Louis. } ss.

On this 18 day of May, 1940, before me, the undersigned Notary Public, duly commissioned, qualified and acting, within and for the said City and State, appeared in person the within named L. W. Baldwin and A. T. Cole, to me well known, who stated that they were the ... President and Assistant Secretary of Missouri Pacific Railroad Company, a corporation, and were duly authorized in their respective capacities to execute the foregoing instrument for and in the name and behalf of said corporation, and further stated and acknowledged that they had so signed, executed and delivered said foregoing instrument for the consideration, uses and purposes therein mentioned and set forth.

In Testimony Whereof, I have hereunto set my hand and official seal this 18 day of May, 1940.

My Commission will expire February 27, 1943

[signature]
NOTARY PUBLIC.

STATE OF NEW YORK, }
City and County of New York. } ss.

On this 17th day of June, 1940, before me, the undersigned Notary Public, duly commissioned, qualified and acting, within and for the said City and State, appeared in person the within named F. E. LOBER and A. F. KEUTHEN, to me personally well known, who stated that they were the Vice President and Assistant Secretary of Manufacturers Trust Company, a corporation, and were duly authorized in their respective capacities to execute the foregoing instrument for and in the name and behalf of said Manufacturers Trust Company, as one of the Trustees under the mortgage of Missouri Pacific Railroad Company in said deed mentioned and referred to, and further stated and acknowledged that they had so signed, executed and delivered said foregoing instrument for the consideration, uses and purposes therein mentioned and set forth.

In Testimony Whereof, I have hereunto set my hand and official seal this 17th day of June, 1940.

My commission will expire

Notary Public Queens Co. No. 1855, Reg. No. 1313
Cert. filed N.Y. Co. No. 628, Reg. No. 2R 327
Cert. filed in Kings Co. No. 200, Reg. No. 2303
Commission Expires March 30, 1942

Frederick George Rudolph
NOTARY PUBLIC.

STATE OF MISSOURI, }
City of St. Louis. } ss.

On this 2nd day of July, 1940, before me, the undersigned Notary Public, within and for the City of St. Louis, and State aforesaid, personally appeared Benjamin F. Edwards, who is personally known to me, and known to me to be the identical person whose name is subscribed to the foregoing instrument as the other Trustee under the mortgage of Missouri Pacific Railroad Company in said deed mentioned and referred to, and the said Benjamin F. Edwards then and there stated and acknowledged to me that he had executed the same, as such Trustee, for the consideration and purposes therein mentioned and set forth, and I do hereby so certify.

In Witness Whereof, I hereunto set my hand as such Notary Public, and affix my official seal in said city of St. Louis, in the State aforesaid, this 2nd day of July, 1940.

MY COMMISSION EXPIRES OCTOBER 6, 1943.
My Commission will expire

[signature]
NOTARY PUBLIC.

1334

# DEED

No. ........

MISSOURI PACIFIC RAILROAD CO., ET AL.

TO

STATE OF ARKANSAS, }
County. } ss

This instrument was filed for record on the ... day of ... A. D. 19... at ... M., and duly recorded in Deed Record Book ... on Page ...

Clerk and Ex-Officio Recorder.