IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
WESTERN DIVISION

| | |
|---|---|
| LOUIS FROUD AND SHANNON FROUD,<br>DEAN STAGGS, LINDA STAGGS,<br>BRETT MASON AND LYNNDA MASON,<br>INDIVIDUALLY AND ON BEHALF OF ALL<br>OTHERS SIMILARLY SITUATED | PLAINTIFFS |
| vs.       4:09CV00936-WRW | |
| ANADARKO E&P COMPANY LIMITED<br>PARTNERSHIP, ANADARKO LAND<br>CORPORATION, UPLAND INDUSTRIES<br>CORPORATION, UPLAND INDUSTRIAL<br>DEVELOPMENT COMPANY, SEECO, INC.,<br>XTO ENERGY INC., CHESAPEAKE<br>EXPLORATION, LCC, AND CHESAPEAKE<br>EXPLORATION LIMITED PARTNERSHIP | DEFENDANTS |

**ORDER**

Pending are Defendants' separate Joint Motions for Summary Judgment (Doc. Nos. 45, 48), and Plaintiffs' Motion to Remand (Doc. No. 52). Responses to all three motions have been filed.[1] The crux of these motions is whether "oil and gas" was contemplated as part of the mineral reservations in various land deeds.

As for the first Motion for Summary Judgment, Plaintiffs concede that judgment is appropriate as to the Staggs and Mason deeds, under the Eighth Circuit's recent decision in *Griffis*.[2] I agree; Defendant's first Motion for Summary Judgment (Doc. No. 45) is GRANTED in favor of Defendants on the Staggs and Mason claims.

---

[1] Doc. Nos. 51, 54.

[2] Doc. No. 52; see *Griffis v. Anadarko E&P Co., LP, et al.*, 606 F.3d 973 (8th Cir. 2010).

The second Motion for Summary Judgment addresses the Frouds's deeds dated July 1, 1935 and November 30, 1934, in White County, Arkansas.[3] For reasons given previously,[4] as well as some new reasons,[5] "under the *Strohacker* Doctrine, the reservation of minerals in the deed[s] at issue included oil and natural gas."[6] Accordingly, Defendants' second Motion for Summary Judgment (Doc. No. 48) is GRANTED in favor of Defendants on the Froud claims.

Plaintiffs' Motion to Remand (Doc. No. 52) is MOOT, as Plaintiffs' Complaint is DISMISSED with prejudice.

IT IS SO ORDERED this 1st day of September, 2010.

/s/Wm. R. Wilson, Jr.
UNITED STATES DISTRICT JUDGE

---

[3] Plaintiffs' response did not challenge the merits of Defendants' motion. *See* Doc. No. 51.

[4] See *Usery, et al. v. Anadarko Petroleum Corp., et al.*, No. 4:07-cv-01185-WRW, 2008 WL 5396626 (E.D. Ark. Dec. 23, 2008).

[5] See *Robertson v. Union Pacific Railroad Company and XTO Energy Inc.*, No. 1:09-CV-00020, 2010 WL 3363400 (E.D. Ark. August 24, 2010)("Following *Griffis*, this Court holds that a general reservation of mineral rights in a deed executed in Arkansas in 1934 includes oil and gas as a matter of law.").

[6] *Griffis v. Anadarko E&P Co.*, LP, et al., No. 4:08-CV-01974-WRW, 2009 WL 2601371 (E.D. Ark. Aug. 24, 2009) (citing *Missouri Pacific Railroad v. Strohacker*, 152 S.W.2d 587 (Ark. 1941)).